[No. 15641. Department Two. April 6, 1920.]

## FRANK MIKUSCH et al., Respondents, v. MAGGIE BEEMAN et al., Appellants.[1]

CONTRACTS (70)—CONSTRUCTION—EXTRINSIC CIRCUMSTANCES. In construing a contract the court will place itself in the position of the parties by admitting evidence of the surrounding facts, the nature of the subject-matter, the relation of the parties and the objects sought.

PLEADING (95)—COMPLAINT—ADMISSIONS BY DEMURRER. An allegation that defendant was the proponent of a contract must be taken as true, for the purpose of testing the sufficiency of the complaint.

CONTRACTS (60)—CONSTRUCTION—LANGUAGE. Language employed in a contract should be construed more strictly against the party using it.

VENDOR AND PURCHASER (65)—CONTRACTS—RESCISSION BY PURCHASER—CONDITIONS PRECEDENT—CONSTRUCTION OF CONTRACT. In a contract for a trade for a farm, providing for a mutual rescission and return of the consideration, in case the vendee is dissatisfied, a provision requiring the vendee to plow the sod in 1919, is not a condition precedent to a rescission of the contract, notice of which was given in June, 1919.

SAME (70)—RESCISSION BY PURCHASER—ELECTION TO RESCIND—NOTICE—SUFFICIENCY. A written demand for a rescission of a contract following in part the language of the contract providing for a mutual rescission if plaintiff was not satisfied, is sufficient where it made known plaintiff's desire to take advantage of the provisions and any further or more formal notice would not have placed defendant in any better position.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered October 6, 1919, in favor of the plaintiffs, upon overruling a demurrer to the complaint and the refusal of defendants to plead further, in an action on contract. Affirmed.

*McWilliams, Weller & Brown,* for appellants.

*Munter & Munter,* for respondents.

[1]Reported in 188 Pac. 780.

Holcomb, C. J.—Appeal from a judgment entered after overruling a demurrer to the complaint and refusal of defendants to plead. The material allegations of the complaint are as follows: On March 10, 1919, defendants, desiring to sell to plaintiffs certain land in the state of North Dakota, made, executed and delivered to plaintiff a written contract in the following words:

"Spokane, Wash., Mar. 10, 1919.
"(Agreement)
"Whereas, that, on this 10th day of March, 1919, that Frank Mikusch, of Spokane, Wash., has on the recommendation of C. T. Jurgens, purchased the southeast quarter of section (11) township (132) north of range (94) west of the 5th P. M., in the county of Hettinger and state of N. D., at a consideration of $5,900, Whereas, that said Frank Mikusch has this day paid to said H. F. Beeman $2,500 cash and gave H. F. Beeman a W. deed to one certain house and lot at College avenue in Spokane, Wash., at a consideration of $1,500, and also gave a mortgage of $1,900 payable to H. F. Beeman in two years, and agrees to get all sod broke at least 5 inches deep in 1919, on the entire quarter, (Whereas, Second) H. F. Beeman hereby agrees that in case said Frank Mikusch is not satisfied with said deal and that provided said Frank Mikusch gives said H. F. Beeman notice of his desiring to sell said land on or before Nov. 1st, 1919, that thereafter and upon receiving such notice said H. F. Beeman hereby agrees to sell said land or purchase it himself and return to said Frank Mikusch $4,000 and release the $1,900 Mtg. which is given this 10th day of March in connection with said purchase.
"Wit. C. T. Jurgens    (Signed)
"Adolph Munter (Signed)
"(Signed) H. F. Beeman
"(Signed) Frank Mikusch."

With this inducement, plaintiffs conveyed to defendants the Spokane property, paid defendants $2,500, and executed a promissory note and a mortgage on

the North Dakota land for $1,900, with interest at eight per cent. On June 5, 1919, plaintiff caused to be served upon defendant the following notice in writing:

"Notice

"To H. F. Beeman:

·"You are hereby notified that I am not satisfied with that certain deal or transaction described in your agreement with me of March 10, 1919, in connection with the sale by you to me of the southeast quarter ($\frac{1}{4}$) of section eleven (11), township one hundred thirty-two (132), north of range ninety-four (94) west of the fifth principal meridian, in the county of Hettinger, state of North Dakota, and you are hereby notified that I desire and demand of you to pay me the sum of four thousand ($4,000) dollars as promised in the aforesaid agreement, and to release and return to me that certain note and mortgage for nineteen hundred ($1,900) dollars given by myself and my wife, Flora Mikusch, on March 10, 1919, and I herewith tender to you a quitclaim deed signed by myself and my wife, Flora Mikusch, reconveying the above described land in North Dakota to your wife, Maggie Beeman.

"Dated this 5th day of June, 1919.

"(Signed)  Frank Mikusch."

At the same time he tendered a quitclaim deed to the North Dakota land. Defendants have failed and refused to comply with the plaintiffs' demand or with the contract, or to accept the quitclaim deed. The prayer is for a money judgment and an order upon defendants to return to plaintiffs the promissory note and mortgage, or in lieu of such return, for a further money judgment.

It is first contended that the complaint is defective in that it does not allege that the land has been plowed as provided for in the agreement. A few fundamental propositions of law relating to the construction of contracts makes it evident that there is no merit in this contention.

"It is a recognized rule of construction that the court will place itself in the position of the parties who made · the contract as nearly as can be done, by admitting evidence of the surrounding facts and circumstances, the nature of the subject-matter, the relation of the parties to the contract and the objects sought to be accomplished by the contract." 2 Page, Contracts (1905) § 1123.

See, also, *Graham v. McCoy,* 17 Wash. 63, 48 Pac. 780, 49 Pac. 235. An allegation to the effect that defendant was the proponent of the contract may be considered, and for the purpose of testing the sufficiency of the complaint, must be taken as true. The language employed in the contract being that of defendants, it should be construed more strongly against them than against plaintiffs. 6 R. C. L. 854.

"Whether stipulations in a contract are conditions precedent to the right to enforce performance is to be determined by the intention of the parties derived from the contract itself, and by application of common sense to each particular case, rather than by technical rules of construction." 6 R. C. L. 905.

We must construe the contract as an entirety. It provides for rescission up to November 1, 1919, and refunding and restoring consideration. If plowing be required before rescission, no provision is made for replacing plaintiffs in *statu quo* therefor. Giving the language of the contract its plain, ordinary meaning, it is possible to give the words relative to the plowing a purpose without making that a condition precedent to the right of plaintiffs to rescind. To construe those words as creating a precedent condition, one would be forced to add a meaning which reason and lack of technical rules forbid.

Neither are we impressed with the second contention of appellants, that the demand for restitution is not sufficient upon which to base the action. The notice,

in part, followed the words of the contract. The agreement of defendant, in case of dissatisfaction of plaintiffs with the deal, was in the alternative. Even should we construe the contract to give defendant the right of election as to whether he would sell the land for plaintiff or buy it himself, the notice was sufficiently plain to make known plaintiff's desire to take advantage of that provision of the contract. When that was accomplished no further notice could be required. Any greater or more formal notice would not have placed defendant in any better position to meet the terms of the contract. He was in no way misled as to plaintiff's desire for defendant to comply with that provision of the agreement.

Judgment affirmed.

BRIDGES, TOLMAN, FULLERTON, and MOUNT, JJ., concur.