[No. 17827.   Department One.   June 22, 1923.]

Ettie R. Rankin, *Appellant,* v. Alex Graham *et al.,*
*Respondents.*[1]

Appeal (35)—Decisions Reviewable—Amount in Controversy—
Value of Property Claimed.   In claim and delivery to recover
property levied upon, the test of the jurisdiction of the appellate
court is the value alleged in the complaint, if the demand appears
to have been made in good faith.

Execution (35-1)—Claims by Third Persons—Title to Property
—Evidence—Sufficiency.   Findings that property levied upon and
claimed by plaintiff on a redelivery bond was the property of the
defendant are sustained by evidence that a bill of sale of the prop-
erty ran to him, he had possession of it, and paid the taxes, and
leased it as his property.

Appeal from a judgment of the superior court for
Thurston county, Wilson, J., entered October 7, 1922,
in favor of the defendants, in an action to recover prop-
erty levied upon under execution, tried to the court.
Affirmed.

*Ben S. Sawyer,* for appellant.

*R. H. Fry,* for respondents.

Holcomb, J.—Respondent Hoage, as sheriff, under
an execution, levied upon certain personal property
as the property of Sidney Rankin, son of appellant.
Appellant made claim to the property levied upon as
her own, filed her affidavit and bond, and the matter
was duly heard in the court below.   The trial court
found against appellant's claim of ownership, and
rendered judgment in favor of respondents in the sum
of $120.40.

Respondents move to dismiss the appeal.   This mo-
tion must be denied on the rule stated in *Gilbert Co. v.
Husted,* 50 Wash. 61, 96 Pac. 835.

[1]Reported in 216 Pac. 21.

The trial judge summed up the evidence at the conclusion of the trial very concisely. He stated:

"As I view the evidence in this case there is not anything to show that the title was in anybody but Sidney Rankin. The bill of sale undoubtedly ran to him because of the fact that the circumstances show that it was to Sidney Rankin as assignee or vendee. All that Mrs. Rankin knows about it is that somebody told her that it belonged to her. All the evidence tends to show that the property was that of Sidney Rankin, placed in a house in Olympia rented by him as a part of the property; he pays the taxes on it and leases it as his property, and there is nothing in this record to show that it belongs to Mrs. Rankin or Josiah Rankin, except the statement of Mrs. Rankin that it belonged to her."

An examination of the statement of facts herein justifies the observations of the trial court and manifests that the judgment was correct.

Affirmed.

MAIN, C. J., MACKINTOSH, BRIDGES, and MITCHELL, JJ., concur.