[No. 25789. Department Two. November 4, 1935.]

A. H. Foss, *Respondent*, v. The Golden Rule
Bakery, *Appellant*.[1]

*Shorett, Shorett & Taylor,* for appellant.

*Ballinger, Clark, Mathewson & Force,* for respondent.

Holcomb, J.—Respondent, a dealer in dairy apparatus and supplies, contracted to sell to appellant a combination milk bottle and can washing machine for $1,100. The machine was to be manufactured by respondent to the order of appellant. A sample bottle washing machine was inspected by an agent of appel-

[1] Reported in 51 P. (2d) 405.

lant at the plant of another dairy concern, which would wash bottles only. The machine required by appellant and ordered was to be a combination machine that would wash both milk bottles and cans, designed differently and made specially.

Appellant made a first payment of two hundred dollars under the sales contract and two further payments of one hundred dollars, totaling four hundred dollars. After the can and bottle washing machine had been tried for a period of about two months and failed to do the work, appellant refused to make further payments, tendered it back, and demanded return of the purchase money. Respondent refused the tender and demand and thereupon brought action on the notes executed with the contract for the balance of the seven hundred dollars unpaid. A second cause of action, upon an open account, was admitted by appellant's answer.

Appellant cross-complained for one thousand dollars damages caused by loss of business and also for the recovery of the four hundred dollars paid. No evidence was introduced in support of its claim for damages, and appellant admitted that it had abandoned that claim.

The case was brought on for trial to the court without a jury, and at the conclusion of appellant's evidence respondent moved to dismiss the cross-complaint, which motion was granted and judgment entered in favor of respondent on each of its two causes of action.

The contract of sale was prepared and supplied by respondent. It was upon a general printed form. One part of the printed portion of the contract reads:

"It is expressly understood that the only warranty relating to the sale of said property is the standard warranty from the manufacturer to the purchaser, a

copy of which is available to the purchaser and of which he has full knowledge. There is no dealer's warranty, expressed or implied, attending this sale.''

The contract contained the following typewritten paragraph:

''This machine is guaranteed in workmanship and any expense or repair will be taken care of by the Northwest Dairy Supply Co. for one year.''

The trial court took the position that the language in the typewritten portion of the contract, guaranteeing the workmanship, was the only warranty in the contract and necessarily excluded all others.

Without detailing the evidence, the record discloses that there was competent evidence that the machine sold to appellant had several major defects which rendered it inefficient and unfit for the purpose both parties knew it was intended: (1) It was not able to move the bottles and cans through without daily repairs being made to the mechanism of the machine, which would cause delay in the operations of the plant of from a few minutes to a few hours; (2) the milk bottles, when they did pass through the machine, were not properly cleaned; (3) the machine was so constructed that the cleaning solution splashed out on the floor and also into the clear-water compartment, which resulted in more solution having to be added, and the bottles were not properly washed of the cleaning solution.

Appellant relies upon two portions of the uniform sales act, Rem. Rev. Stat., § 5836-1 [P. C. § 6227-1], *et seq.*

Section 5836-15 [P. C. § 6227-15], thereof reads:

''Subject to the provisions of this act and of any statute in that behalf, there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows:

"(1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose. . . .

"(6) An express warranty or condition does not negative a warranty or condition implied under this act unless inconsistent therewith."

It is the settled law in this state that the law in force upon any subject which is made the subject matter of a contract is incorporated into and becomes a part of such contract, as much so as if the law were actually made a part of the agreement between the contracting parties. *Progress Amusement Co. v. Baker,* 106 Wash. 64, 179 Pac. 81.

Further, that the language used in a contract should be construed more strictly against the party using it. *Mikusch v. Beeman,* 110 Wash. 658, 188 Pac. 780; *Clise Investment Co. v. Stone,* 168 Wash. 617, 13 P. (2d) 9 (not cited by counsel). In the last cited case, we said:

"When the language of a contract is susceptible of two constructions, one favorable and the other unfavorable to the party who has drafted or supplied the instrument, the court will not ordinarily construe it in such a way as to place one of the parties at the mercy of the other, but will adopt that interpretation which is unfavorable to the one who so drafts or supplies it."

The law concerning the manufacturer's warranty is that positively prescribed in the statute, *supra.*

There is no inconsistency in the two quoted paragraphs of the contract before us. One is a warranty of workmanship. The other is a warranty of the manufacturer of the fitness of the machine for the purpose intended. If the machine is not reasonably fit for

the purpose intended by both seller and buyer, there is manifestly a breach of warranty.

Respondent relies upon *Eighme v. Holcomb*, 84 Wash. 145, 146 Pac. 391, and *Creditors' Association v. Fry*, 179 Wash. 339, 37 P. (2d) 688, holding that, where there is an inconsistency between printed and typewritten portions of a contract, the typewritten portions will prevail. We see no inconsistency between the typewritten portion and the printed portion of this contract. Both were intended for the same purpose.

*Vandiver v. B. B. Wilson & Co.*, 244 Ky. 601, 51 S. W. (2d) 899, cited and relied upon by respondent, upon a written contract of sale, sustains the view of the trial court in this case, but does not involve any section of the uniform sales act.

*Tucker v. Traylor Engineering & Manufacturing Co.*, 48 F. (2) 783, containing a similar provision for repair by the seller, does not appear to us to be in accord with the great weight of authority under the uniform sales act, and we do not care to follow it. See annotations in 59 A. L. R. 1215.

We have heretofore said that the uniform sales act somewhat enlarges the common law rule of implied warranties as exceptions to the maxim of *caveat emptor*. *Larson v. Farmers' Warehouse Co.*, 161 Wash. 640, 297 Pac. 753 (not cited).

Our conclusion is that the trial court was in error in dismissing the counterclaim.

The judgment is therefore reversed, and remanded for further proceedings in accordance herewith.

MAIN, BEALS, BLAKE, and STEINERT, JJ., concur.