[No. 25973. Department Two. April 21, 1936.]

CLYDE STEPHENSON, *Respondent,* v. KENWORTHY GRAIN & MILLING COMPANY, *Appellant.*[1]

[1]Reported in 56 P. (2d) 1301.

*Cheney & Hutcheson* and *Walter J. Robinson, Jr.,* for appellant.

*Snively & Bounds* and *John Gavin,* for respondent.

Holcomb, J.—This is an action to recover damages arising out of a written contract for the sale of hay. The contract, which is dated August 18, 1934, is in the form of a written memorandum addressed to respondent, the material part of which reads:

"We confirm Purchase from you today of about 200 tons No. 1 first 2nd & 3rd cut alfa
at $11.00 per ton basis Ranch
Buyer Paying Bail & Haul
Shipment October after 3rd through sweat
Subject to ................................................................
Terms ................................................................
· "It is understood that the retention of this confirmation without notifying us of error therein, is an acknowledgment and acceptance of contract as above.

"Kenworthy Grain & Milling Co.
"By W. Griffin."

The complaint alleged that twenty-one tons of hay were lost because not bailed by appellant in the proper time and manner, and that the value of the hay so lost and damaged, at $11 per ton, was $231, for which he asks damages.

The trial was commenced before a court and a jury. Respondent having rested at the close of his evidence, appellant also rested, challenged the sufficiency of the evidence, and moved for an instructed verdict in its favor upon the ground that there was no evidence on behalf of respondent that he did anything whatever to comply with the contract by baling and delivering the hay to appellant. The court then withdrew the case from the jury and entered judgment for $196.

Respondent testified that he produced about 275 tons of alfalfa hay which was ready for delivery to

appellant on October 3, 1934, and on October 12 and 18 informed appellant that he finished stacking the hay on September 3 and that it was through sweating on October 3, 1934; that all of his hay was No. 1 hay and that it would have been deliverable as such if appellant had caused it to be baled before the rainy season commenced, which in that particular locality commenced that year about October 21 and continued quite regularly to the time the baling was done. There was undisputed testimony on behalf of respondent that the hay baler, sent by appellant about November 12 to do the baling, stripped the stacks of large quantities of hay which had become spoiled because of wet weather, and that there were about fourteen tons of hay at the contract price of $11 per ton and fourteen tons of hay at $3 per ton damaged, for which respondent could not be held responsible, of the undisputed value of $196.

Mr. Kenworthy, apparently the owner or manager of appellant, addressed a letter to counsel for respondent on November 22, 1934, in which he contended that appellant was to have until at least the first of the year to ship respondent's hay, but instead it was taken as soon as the weather permitted. He also stated that he was in Yakima quite a few times during the last half of October, 1934, and remembered distinctly that the weather was very wet and rainy and not fit for baling hay.

The contract is extremely ambiguous. In such a case, it is to be construed most strongly against the one drafting the instrument, which is appellant. *Clise Inv. Co. v. Stone,* 168 Wash. 617, 13 P. (2d) 9; *Foss v. Golden Rule Bakery,* 184 Wash. 265, 51 P. (2d) 405.

Apparently, the contract meant that the shipment was to be in October, after the 3rd, and after the hay was through sweating. There was no dispute that the last of the hay had been stacked on September 3

and was through sweating within thirty days thereafter.

The evidence being unconflicting that appellant placed its own construction upon that part of the contract, the hay was in a deliverable state on and after October 3, 1934.

Rem. Rev. Stat., §§ 5836-19, 5836-41 and 5836-43 [P. C. §§ 6227-19, 6227-41, 6227-43], have no control over this contract, because the hay was put into condition and delivered by respondent as agreed; but it is governed by § 5836-76 [P. C. § 6227-76] (4):

"Goods are in a 'deliverable state' within the meaning of this act when they are in such a state that the buyer would, under the contract, be bound to take delivery of them."

The undisputed testimony of respondent and the judgment of the trial court thereon took into consideration the exact damages that had been sustained by respondent. There could have been no further mitigation of damages by him after the hay had been damaged and some of it ruined by appellant's baler. When the baler had damaged the hay itself after appellant had neglected it much too long, there was no duty on the part of respondent to mitigate damages. This case does not fall within the principles of which the following cases are typical: *Cannon v. Oregon Moline Plow Co.*, 115 Wash. 273, 197 Pac. 39; *Brinnon Logging Co. v. Carlsborg Mill & Timber Co.*, 122 Wash. 483, 210 Pac. 945.

Respondent in his brief moved to dismiss the appeal for the reason that the undisputed amount in controversy is $196, which is less than the jurisdictional amount of $200. The motion is not well taken. The amount originally sued for by respondent was more than $200, which alone conferred appellate jurisdiction on this court. *Pickford v. Borland,* 76 Wash.

339, 136 Pac. 128; *Rankin v. Graham,* 125 Wash. 345, 216 Pac. 21. The motion to dismiss must be denied. The judgment is affirmed.

MILLARD, C. J., MAIN, BLAKE, and BEALS, JJ., concur.