[No. 28469. Department Two. December 2, 1941.]

STATE BANK OF WILBUR, *Appellant*, v. EMMETT PHILLIPS *et al., Respondents.*[1]

[1]Reported in 119 P. (2d) 664.

*Dyar & Aten*, for appellant.

*Pettijohn & McCallum*, for respondents.

SIMPSON, J.—This action was instituted to recover judgment against defendants upon a written instrument signed by defendant Emmett Phillips. The complaint alleged that, in consideration of the sum of $3,660, paid to W. K. Deal September 21, 1939, by plaintiff at the request of defendant Emmett Phillips, the defendants promised and agreed to repay that amount to plaintiff; that the agreement was evidenced by a writing signed by Emmett Phillips; and that the whole sum was justly due and unpaid. In their answer defendants admitted the signing of the contract, but denied that they were indebted to plaintiff.

For a further and separate answer, defendants alleged that September 18, 1939, defendant Emmett

Phillips, acting for the community composed of himself and wife, entered into a contract with W. K. Deal by the terms of which Deal promised to build a house for defendants at an agreed price of $3,660. It was further alleged that it was the intention of plaintiff, W. K. Deal, and defendants that defendants would not be obligated to plaintiffs until Deal had completed the building in accordance with the terms of the building contract.

As a second affirmative defense, the defendants alleged that they had never received any consideration for the signing of the instrument, that the plaintiff had not paid any money to W. K. Deal on account of the execution of the instrument, and that if any money had been paid by plaintiff that such payments were made upon the reliance of plaintiff that W. K. Deal would fully perform his contract to build a house and not otherwise.

In reply, plaintiff denied the allegations contained in defendants' separate answers.

The case, tried to a jury, resulted in a verdict in favor of defendants. At the appropriate time plaintiff moved in the alternative for a judgment notwithstanding the verdict or for a new trial. The court denied the motion and entered a judgment upon the verdict. Plaintiff has appealed.

The assignments of error are in the refusal of the court to grant the motion for judgment notwithstanding the verdict or for a new trial, in the giving of two instructions, and in the refusal to give four proposed instructions.

The facts are these: September 19, 1939, W. K. Deal, a building contractor, contracted with respondents to build a house on their farm for the sum of $3,660. Lacking funds to commence work, Deal, a customer of appellant, sought an advance of credit from J. McPherson, president of the bank. Knowing, how-

ever that he was already indebted to appellant, Deal offered to sign over for security his contract with respondents as well as another building contract. Agreeing to this, McPherson prepared the following "order" or agreement and directed Deal to have respondent sign it.

"State Bank of Wilbur
   Capital  $50,000.00
   Surplus $10,000.00
WILBUR, WASHINGTON.
J. McPherson, President
E. L. Farnsworth, Vice-President
G. Thompson, Cashier
E. H. Oswalt, Assistant Cashier
"State Bank of Wilbur,        September 21, 1939
Wilbur, Wash.
Gentlemen:
  "In consideration of Mr. W. K. Deal, contractor, giving me credit on our house building contract for the sum of Three Thousand Six Hundred Sixty ($3,660.00) Dollars, I hereby obligate myself to pay this amount to the State Bank of Wilbur, Wilbur, Washington and that I will make this $3,660.00 payment to your bank on or about *upon completion about Nov. 15th*      (Signed)  EMMETT PHILLIPS
"Sep 21 1939  I hereby agree to the above *order* and acknowledge receipt of above amount.
              (Signed)  W. K. DEAL"

The exact time when the words in longhand ("upon completion about Nov. 15th") were written on the instrument is a fact somewhat in dispute. That they were not there when Deal received it from McPherson seems clear. McPherson testified, however, that the blank was completely filled in his office by Deal after the latter's return from acquiring respondent's signature. Deal, unfortunately, could not remember. Phillips, on the other hand, testified that "my best recollection is that I said I would pay for the house

when it was done, and he [Deal] wrote in 'upon completion.' "

After McPherson prepared the instrument, Deal delivered it to respondent at his farm near Harrington for signing. Respondent testified:

"A. The only conversation there was he asked me if I would sign this order he brought down there so he could draw money to buy materials for my house, and I was to pay the Wilbur State Bank when the house was completed. Q. What about the time? A. When he was to complete the house. Q. What did you say? A. I said I would pay it when the house was completed. Q. Did you have the money right then to pay for that house? A. Yes."

When Deal returned to the bank with the signed instrument, McPherson wrote the words: "I hereby agree to the above order and acknowledge receipt of above amount," and directed Deal to sign it. On receiving the note or order, the bank placed $3,660 to Deal's credit, deducting $1,700 to apply on a past indebtedness of $4,700. Subsequently Deal withdrew the balance.

Upon receiving the credit, Deal commenced work on the house. When only a small portion had been done, the laborers threatened to file liens if they were not paid. Pursuant to McPherson's advice, respondents paid not only the men but also the cost of the materials which Deal had furnished. As Deal later defaulted, respondents completed the house at their expense. October 5, 1940, appellant instituted this action on the written instrument signed by Emmett Phillips.

Appellant contends that the instrument sued on was an unconditional promise to pay as evidenced by the typewritten part, and that the writing in longhand was a time clause, fixing a convenient time for payment rather than creating a condition precedent; that, as long as the house was completed at the time

of the trial, it was immaterial who undertook the completion; and that, even though it had never been completed, the order in any event was payabale within a reasonable time. To support this contention, appellant has cited 8 Am. Jur. 27, § 281, Bills and Notes, which reads:

"As a general rule, an instrument made payable upon or after the happening of a specified event, condition, or contingency is payable when the event or contingency happens or the condition is fulfilled. If the debt for which the instrument is given is an absolute liability and is due, however, and the happening of a future event is fixed upon merely as a convenient time of payment and the future event does not happen as contemplated, the instrument becomes due and payable within a reasonable time."

The authority states the proper rule, but we cannot agree that it applies to the facts of the instant case.

The court submitted the case to the jury on the theory that the provisions of the instrument were ambiguous. The first question, then, is whether the agreement is ambiguous.

"Ambiguity is an uncertainty of meaning in the terms of a written instrument." *First Nat. Bank v. Hancock Warehouse Co.*, 142 Ga. 99, 82 S. E. 481.

Ambiguity is also defined to be

"An uncertainty of meaning or expression used in a written instrument; wanting clearness or definiteness; difficult to comprehend or distinguish; of doubtful import." *San Antonio Life Ins. Co. v. Griffith,* (Tex. Civ. App.) 185 S. W. 335.

Obviously there was a patent ambiguity contained in the words "upon completion about Nov. 15th." It is impossible to ascertain from the written instrument whether or not its signer, Emmett Phillips, was responsible for the completion of the house or whether it should have been completed by the contractor. It is clear that the statement added below respondent's

signature indicated that the instrument was not considered as an unconditional promise to pay at a designated time but was only an order to pay. It indicated a continued responsibility on the part of Deal to build a house for respondent.

The duty of courts in relation to trials having to do with written instruments is well expressed in *Durand v. Heney,* 33 Wash. 38, 73 Pac. 775, in which this court stated:

"It is conceded that the general rule is that the construction of written instruments is a question of law for the courts. We think it may also be conceded that there are certain well defined exceptions to this rule— as, where the identity of the subject-matter of a document, or its construction, depends upon collateral facts or extrinsic circumstances, the inferences from such facts, when they are proven, should be drawn by the jury."

See, also, an annotation on this subject in 65 A. L. R. 648.

In this case the contract was prepared by the officials of appellant bank and the ambiguity contained therein must be interpreted against it. *Camp v. Carey,* 152 Wash. 480, 278 Pac. 183; *Fitzpatrick v. Bradshaw,* 171 Wash. 335, 17 P. (2d) 894; *Foss v. Golden Rule Bakery,* 184 Wash. 265, 51 P. (2d) 405; *Stephenson v. Kenworthy Grain & Milling Co.,* 186 Wash. 114, 56 P. (2d) 1301.

Furthermore, after the instrument was prepared, appellant requested Deal to deliver it to respondents, explain its purpose, and acquire Emmett Phillips' signature. In so doing, Deal acted in behalf of the bank. Thus, appellant was bound by any representations made to respondents as well as Deal's writing of the disputed phrase, which McPherson testified was done under his direction and in his presence.

■ We hold, therefore, that the contract or agreement was ambiguous, that the court properly allowed the introduction of oral testimony to explain its meaning, and that the jury was justified in finding, from all the facts and the surrounding circumstances, that the amount specified in the order was not to be paid to appellant until such time as respondents' house was completed by W. K. Deal.

■ Instructions Nos. 7 and 8, of which appellant complains, stated:

No. 7. "If you find by a preponderance of the evidence that the document, plaintiff's exhibit No. 1, was prepared by or under the direction of the plaintiff, then you should give the language used in that instrument such a construction as will be liberal and more favorable to the defendants. The law is that any uncertain or ambiguous writing must be interpreted more strictly against the party who prepared it.

No. 8. "If you believe, from a preponderance of the evidence, that the defendants did, on or about September 21, 1939, promise and agree to pay to the State Bank of Wilbur the sum of $3,660.00, on or about November 15, 1939, or a reasonable time thereafter, whether the contract of constructing the Phillips house was completed by W. K. Deal or not, then your verdict should be for the plaintiff. If on the other hand, you believe that it was not agreed or intended by the parties that this sum or any part thereof should be paid by the defendants to the plaintiff until such time as the house construction contract between the defendants and W. K. Deal should have been completed by Mr. Deal, then your verdict should be for the defendants.

"And in this connection I instruct you that you are to take into consideration all of the words and phrases included in this agreement and consider them as a whole, and give to the words, if you can, their ordinary and popularly accepted meaning. In addition to this, you are to take into consideration all of the facts and circumstances leading up to and surrounding the execution of this agreement, the relation and condition of the parties, the apparent purpose of making the

agreement, and, in short, place yourselves in the position of these parties in order that you may determine what was intended by them at the time they entered into this agreement."

We are unable to see any error in the giving of these instructions. They thoroughly protected the theory advanced by both appellant and respondents. They properly stated the law and commanded the jury to apply it to the facts presented by the evidence.

The proposed instructions presented by appellant and denied by the court were numbered 1, 2, 3, and 4. No. 1 was based upon the contention that the words "upon completion about Nov. 15th" simply fixed the time of payment. No. 2 was to the effect that appellant, as a banking corporation, had no right to enter into any contract guaranteeing the performance of the building contract. No. 3 stated that, if the jury found that $3,660, mentioned in the contract, was passed to the credit of Deal and that if the provision written in longhand was for the purpose of fixing a convenient time for its payment, the verdict should be for appellant. No. 4 was one for a verdict in favor of appellant.

Proposed instructions Nos. 1 and 3 were in fact included in the instructions given by the court. Proposed instructions Nos. 2 and 4 were not justified by the facts.

Instructions given by the court to a jury must be construed as a whole, and if, when so construed, they properly present the issues and state the law, they are sufficient. We have carefully read all of the instructions given and conclude that they properly advised the jury as to the issues and the law and that the rights of each side were fully protected.

Finding no error, the judgment is affirmed.

ROBINSON, C. J., BEALS, JEFFERS, and BLAKE, JJ., concur.