Frank O. WILES, Plaintiff,

v.

UNION WIRE ROPE CORPORA-
TION, Defendant.

No. 9875.

United States District Court
W. D. Missouri, W. D.

Oct. 3, 1955.

**300**

Irving Achtenberg, Kansas City, Mo., for plaintiff.

Joseph A. Hoskins, James P. Aylward and Terence M. O'Brien, Kansas City, Mo., for defendant.

WHITTAKER, District Judge.

I deal now with defendant's motion to dismiss plaintiff's first amended complaint.

The amended complaint, except for an expanded statement of plaintiff's claimed discovery, is precisely like his original complaint, and it would serve no purpose to summarize it here. It is sufficient to say that the first amended complaint asks recovery, in *quantum meruit*, by an employee against his employer, for the reasonable value of the latter's use of an unpatented discovery, of a new and novel process for the manufacture of one of the employer's products, made by the employee in the shop of, and while working for, the employer, and revealed to the employer upon its invitation to "its employees to submit suggestions for improving efficiency and the quality of its products and increasing production", without any averred agreement or covenant, express or implied, for compensation for such use.

Defendant's position is that the amended complaint shows that (1) the plaintiff, pursuant to the invitation of defendant, revealed his concept without any agreement, express or implied, for compensation or any showing that compensation was in any way promised or expected, and, therefore, cannot recover, and (2) that the process was conceived by plaintiff in the shop of, and while working for, the employer, and without any alleged agreement, express or implied, for compensation, and, hence, the employer has shop rights, that is to say a non-exclusive right to use the process, license-free.

Upon the first point plaintiff counters with the case of Matarese v. Moore-Mc-Cormack Lines, 2 Cir., 158 F.2d 631, 170 A.L.R. 440. But the point of distinction between that case and the one here presently alleged is that in the Matarese case there had been an agreement by Furey, defendant's superintendent, with Matarese, to pay him one third of defendant's savings through the use of Matarese's concept. This agreement proved invalid against the defendant for lack of authority of Furey to make it on behalf of defendant, but it nevertheless established that Matarese disclosed his concept to defendant, and put it in use for defendant, in reliance upon the express promise of compensation, and, hence, in avowed expectation of compensation, and recovery was thus allowed in that case, though on a *quantum meruit*. There is no similar allegation of promise to pay, express or implied, contained in plaintiff's complaint here.

Plaintiff also relies upon Judge Holtzoff's opinion in Belt v. Hamilton National Bank, D.C., 108 F.Supp. 689. But there, again, one, not an employee of defendant, who had conceived a novel idea for a radio program, went to defendant and disclosed his idea, reduced to concrete detailed form, with the express purpose of selling its use to defendant on a radio program, and, in those circumstances, was, as the Court points out, obviously expecting to be paid if his idea was used. It was used, but he wasn't paid. The Court held that he had a property right in his unpublished idea, reduced to a concrete detailed form, and was entitled to recover, on *quantum meruit*, for its use.

Plaintiff also points to the Eighth Circuit case of Cool v. International Shoe Co., 142 F.2d 318, but there Judge Riddick was careful to point out that plaintiff, who was not defendant's employee, offered to devise appliances for defendant's shoe manufacturing machines, and defendant "agreed to pay just compensation if appliances were used". They were used but plaintiff was not paid. He was

allowed to recover. The difference between that case and the one alleged in the present complaint is that there was an agreement for compensation in that case, but here none is alleged.

I, therefore, believe that plaintiff's complaint is insufficient on this score.

But an even more serious question is presented by defendant's claim that plaintiff, having made this discovery in the shop of, and while working for, the employer, and revealed it to the employer without any agreement, express or implied, for compensation, the employer has shop rights, or, in other words, a non-exclusive free license to use the concept. This is certainly the general rule. United States v. Dublier Condenser Corp., 289 U.S. 178, 53 S.Ct. 554, 77 L.Ed. 1114; Pure Oil Co. v. Hyman, 7 Cir., 95 F.2d 22; Grip Nut Co. v. Sharp, 7 Cir., 150 F.2d 192. But plaintiff, without citing any authorities to the contrary, simply says that this defense cannot be reached on a motion to dismiss, but only by a plea in bar and upon a trial. I can well imagine a complaint under which that would be true, but under this complaint it is spelled out that plaintiff conceived his process in the shop of, and while working for, the employer, and he does not allege any agreement, express or implied, for compensation. Thus, all of the essentials conferring shop rights upon an employer appear to be expressly alleged in the complaint. Certainly, it would not be necessary to bring in witnesses, or to go through a trial, to establish facts which the pleadings admit. When the law is applied to the definite averments of the present complaint, the result is, I think, that the employer has shop rights in this concept.

I, therefore, must sustain defendant's motion to dismiss, but I will not do so with prejudice, because plaintiff's attorney says, in his brief, that "the wording of the invitation was such as to imply that defendant would compensate employees for suggestions adopted by employer and that plaintiff so construed the invitation and submitted the suggestions with the reasonable expectation of compensation, if his suggestions were adopted." And then counsel says "If the Court feels that allegations to this effect are essential to the complaint, plaintiff asks leave to so amend his complaint." I think those averments are not only essential, but they are vital, to plaintiff's case. For this reason, leave will be allowed to the plaintiff to file an amended complaint.

It is, therefore, ordered that defendant's motion to dismiss plaintiff's first amended complaint be, and it is hereby, sustained, but without prejudice, and plaintiff is given 15 days from this date in which to file an amended complaint if he be so advised.