[No. 33428. Department One. August 9, 1956.]

JOHN S. HENRY, *Appellant*, v. VEIDA S. MORROW, *Respondent.*[1]

*Simmons, Simmons & Yates,* for appellant.

*Max R. Nicolai,* for respondent.

[1]Reported in 300 P. (2d) 574.

SCHWELLENBACH, J.—This appeal involves a dispute concerning the right to possession of a certain twenty by thirty foot storage area in the basement of a theatre building owned by the appellant, and also a dispute concerning the joint use of a boiler room in the basement of the same building.

P. Frank Morrow was the owner of an apartment building and a theatre building, which were separated by a common wall. June 25, 1926, he entered into a real-estate contract with one W. D. Gross to sell the theatre building. As a part of the same transaction, the parties entered into an agreement concerning the use of the two rooms above mentioned. The agreement provided in part:

"Therefore, it is now further agreed by and between the said W. D. Gross and P. Frank Morrow for the further consideration of One Dollar ($1.00) and other good and valuable consideration, that the said P. Frank Morrow shall have the exclusive use of that portion of the basement under the said theatre building for a period of twenty years, or during the lifetime of the said building, particularly described as follows:

"[Then follows description of space twenty by thirty feet.] that the said exclusive use by P. Frank Morrow shall be free of rental for the above named period;

"That the boiler room now occupied by the hot water heating plant of P. Frank Morrow and the pipeless furnace of the said W. D. Gross, shall continue to be used jointly by P. Frank Morrow and W. D. Gross, for a period of twenty years, or during the lifetime of the said building, or until such time as the said P. Frank Morrow shall elect to terminate such joint use by the removal therefrom of his hot water and heating system, provided however that such election shall not in any event exceed twenty years from date; that such use by the said P. Frank Morrow shall be free of rental;

"That the said P. Frank Morrow shall continue to furnish hot water heat to the radiator now in a room in the said theatre building, the street number of which is 142 North 85th Street, and shall continue to furnish hot water heat to the office room directly overhead, in the same manner as it is now furnished, that is to say to one radiator now located in the said office room, at such times as the heating system shall be in operation, and during the period of time

that the said boiler room shall be occupied by the said P. Frank Morrow; . . ."

The agreement also provided:

"That the conditions, stipulations and agreements set forth above shall be binding on and shall run to the heirs assigns and executors of the parties named therein."

May 14, 1927, Gross assigned his contract to John H. Scott, and on February 8, 1929, Morrow and Scott entered into an agreement wherein Scott was substituted for Gross as to all of the rights and liabilities of Gross in the original agreement of June 25, 1926.

November 24, 1937, Morrow executed a warranty deed conveying all of his real property to his daughter, Veida Morrow. Included in the deed was the apartment building here in question. April 14, 1944, John S. Henry acquired the theatre building.

April 21, 1954, counsel for Henry wrote Miss Morrow, notifying her that from and after May 1, 1954, the rent for the use of the premises would be $250 per month. Miss Morrow replied that she had succeeded to the rights of her father and that she was entitled to the premises rent free under the agreement. This action in unlawful detainer was then commenced; the complaint alleging that the term for which the premises were let and the right of occupancy expired May 1, 1946. The plaintiff prayed for the immediate issuance of a writ of restitution and judgment for the reasonable rental of the premises for the six years prior to the institution of the action.

The trial court found that the defendant was the successor in interest to her father and that, under the agreement, she was entitled to occupy the premises rent free for such time as the theatre building shall continue to exist. Judgment was entered dismissing the action and this appeal follows.

Error is assigned in entering certain findings of fact and conclusions of law and in entering the judgment of dismissal.

We are satisfied that the original agreement between

Mr. Morrow and Mr. Gross is ambiguous as to the period during which Mr. Morrow was to occupy the premises involved rent free. It could be interpreted to mean that the period was to be twenty years, or it could be interpreted to mean that the period was to be during the lifetime of the building.

In interpreting an ambiguous document, the trier of facts is entitled to take into consideration all of the words and phrases included in the agreement and to give them their ordinary and popularly accepted meaning; also, all of the facts and circumstances leading up to and surrounding the execution of the agreement, the relation and condition of the parties, and their apparent purpose of making it. In short, the trier of the facts should place himself in the position of the parties in order to determine what was intended by them at the time they entered into the agreement. See *State Bank of Wilbur v. Phillips,* 11 Wn. (2d) 483, 119 P. (2d) 664.

The trial court was of the opinion that the "life of the building" was intended to be a period for the right of occupancy just the same as "twenty years" was to be a period; that if the theatre building was still standing at the expiration of the twenty years, the lessee would have the right of occupancy as long as it was standing; that, to give the agreement the meaning urged by appellant, it should have read: "For a period of 20 years or during the lifetime of said building, *whichever shall come first.*"

Ordinarily, we would be in as good position to interpret the meaning of the words of the agreement as was the trial court. However, the court did have some testimony to assist it in determining what was intended by the parties at the time they entered into the agreement. Miss Morrow testified that she was familiar with the negotiations leading up to the agreement (Mr. Morrow is deceased and the record is silent as to Mr. Gross); that originally they wanted the right to use the space for the life of the apartment building; that Mr. Gross objected because he might want to tear down the theatre and erect a new building; that it was finally agreed that, if Gross wanted to tear down the theatre

inside of twenty years and rebuild, the Morrows would not have to build a new building to house the new heating system; that if, however, after twenty years Gross wanted to tear down the theatre building, or if it were destroyed by fire, the Morrows would no longer have any claim on the space in question. Miss Morrow, of course, was an interested witness; nevertheless, the trial court evidently believed her testimony.

The trial court also found that the long-continued conduct of the parties to this action implied a mutual interpretation of the agreement between Morrow and Gross identical to the interpretation placed upon the agreement by the court. We fail to see how an interpretation by John S. Henry and Veida S. Morrow subsequent to 1944, would assist the court in determining what was in the minds of P. Frank Morrow and W. D. Gross in 1926.

There was sufficient testimony, however, to justify the conclusion reached by the trial court; and we are satisfied, from the record, that it did not base its decision on the interpretation placed on the agreement by the parties to this action, but rather on its own interpretation of the language used in the agreement, aided by the testimony of Miss Morrow.

The judgment is affirmed.

HILL, WEAVER, and ROSELLINI, JJ., concur.