Orin OSBORN, Appellant,

v.

BOEING AIRPLANE COMPANY, Appellee.

No. 17391.

United States Court of Appeals
Ninth Circuit.

Oct. 11, 1962.

Wettrick, Flood, O'Brien, Toulouse & Lirhus, and George J. Toulouse, Jr., Seattle, Wash., for appellant.

Holman, Mickelwait, Marion, Black & Perkins, J. Paul Coie and David E. Wagoner, Seattle, Wash., for appellee.

Before HAMLEY, BROWNING and DUNIWAY, Circuit Judges.

BROWNING, Circuit Judge.

Appellant, an employee of Boeing Airplane Company, brought this action to recover compensation for the use of an idea he had submitted for improvement of Boeing's production methods.[1] The District Court granted Boeing's motion for summary judgment. We reverse, finding material factual issues to be tried.

■ The parties had agreed to a pretrial order, which, under the heading "Admitted Facts," described a "Suggestion System" through which Boeing solicited and paid for useful ideas. The pretrial order stated that appellant had submitted his idea to Boeing in December 1955 on a Suggestion System form containing the following printed provision: "Suggestions are submitted with the understanding that the Company shall have the right to use all those which are adopted, and the decision of the Company shall be final and conclusive as to the person entitled to a cash award and the amount of such award." The pretrial order further recited that appellant had submitted his idea in reliance upon Boeing's good faith in the administration of the Suggestion System and not upon an express contractual agreement or oral promise to compensate. The single "Issue of Law" set out in the pretrial order was whether appellant could recover under the doctrine of unjust enrichment or implied-in-law contract.

The District Court read these recitals as limiting appellant to a theory of recovery based legally upon the doctrine

---

1. Since jurisdiction rested upon diversity of citizenship (28 U.S.C.A. § 1332(a)(2)), the substantive law of Washington controls. Appellant is a Washington resident and appellee was incorporated in Delaware. Appellee's principal place of business is in Washington, but the complaint was filed prior to the 1958 amendment of the jurisdictional statute providing that "a corporation shall be deemed a citizen of any State by which it has been incorporated *and of the State where it has its* principal place of business." (Emphasis added.) 28 U.S.C.A. § 1332(c).

of quasi-contract and factually upon the submission of appellant's idea to Boeing in December 1955 through the Suggestion System. The Court held that recovery could be had in quasi-contract only where a benefit was conferred upon another under the mistaken belief that the recipient had assumed a legal obligation to pay, and that the wording of the printed provision on the Suggestion Form, taken with the admitted fact that appellant submitted his idea in reliance upon Boeing's good faith in the administration of the Suggestion System, conclusively established that appellant knew that Boeing did not intend to assume a contractual obligation.

Appellant contends that the District Court misread the pretrial order and erroneously narrowed the issues. It is appellant's position that he first submitted his idea to Boeing orally in June of 1955, and that his written submission of the same idea in December of that year was only an effort to exhaust all available means to obtain compensation short of litigation. Appellant asserts that he understood Boeing's announcements to its employees prior to June of 1955 to be a request for the submission of ideas of value and a promise to pay for those ideas which Boeing might accept and use. He argues that Boeing accepted and used his idea, therefore entitling him to recover its reasonable value either on the basis of a contract implied-in-fact or upon principles of quasi-contract. He contends that the printed provision on the Suggestion Form which he later signed in December could not deprive him of his then already vested contract right. Alternatively, appellant argues that if he is bound by the printed provision of the Suggestion Form, its language does not have the meaning attributed to it by the Court, either on its face or in the light of the surrounding circumstances, and, properly interpreted, does not free Boeing of the obligation

to make cash awards for suggestions which it receives and puts to use. Appellant contends that these issues remain in the case, and require trial.

Neither the complaint nor the pretrial order (which by its terms supplants the pleadings) is clearly drawn. It has been held that "upon a motion for directed verdict the plaintiff's pretrial statement should be read in the light most favorable to him." [2] To read the pretrial statement in such a light on a defendant's motion for summary judgment, before trial, seems even more appropriate; at this stage in the litigation the opposing party will have taken no action in reliance upon the pretrial order by which he might be prejudiced. We think that the pretrial order in this case, read favorably to appellant, preserved the issues for which appellant contends.

The pretrial order did not purport to state *all* of the facts, but only the "Admitted Facts." The recitation of the "Admitted Fact" that appellant's idea was submitted through Boeing's Suggestion System in December 1955 would not be inconsistent with the assertion at trial that the idea was also solicited and submitted earlier, in June 1955, independently of the Suggestion System.[3] Indeed, in the pretrial order under the heading "Plaintiff's Contentions," the contention "that plaintiff's idea was submitted in accordance with the rules and regulations of the defendant's Suggestion System," is followed immediately by a separate contention "that the plaintiff is not bound by the Suggestion System or its rules in order to recover in this action."

Although it is true that the pretrial order lists the question of whether the doctrine of unjust enrichment or implied-in-law contract provided a basis for recovery, as the sole "Issue of Law," the pretrial order as a whole does not reflect an intention to exclude the issue of possible recovery upon the theory of contract implied-in-fact. The order includes

2. Johnson v. Geffen, 111 U.S.App.D.C. 1, 294 F.2d 197, 200 (1960).

3. Cf. Miles v. Pennsylvania R. R., 158 F.2d 336 (7th Cir. 1946); 3 Moore, Federal Practice 1128.

express contentions that appellant had submitted his idea in reliance "upon the implied promise of the defendant to compensate him in [the] event his idea was accepted and used," and an "Issue of Fact" which reads, "Did the defendant impliedly promise to compensate the plaintiff, in the event of its adoption, application and use of the plaintiff's idea?"

With the issue of an earlier oral submission still in the case, the printed provision in the Suggestion Form, regardless of how interpreted, could not bar recovery as a matter of law. If appellant were to succeed in establishing the existence of an implied-in-fact or implied-in-law contractual obligation *prior* to the signing of the Suggestion System form in December 1955, the printed provision would not be a term of that contract and would in any event fail for want of consideration.

■ Moreover, we do not think that the language of the provision in the Suggestion Form is so clear that the District Court could properly hold as a matter of law that Boeing reserved the right in its absolute discretion to appropriate a valu-

able idea for its own use without payment. It may be conceded that if this meaning were unambiguously clear there could be no recovery either on the basis of a contract implied-in-fact or on quasi-contractual principles. Contracts implied-in-fact, like express contracts, must rest upon a manifestation of mutual assent: they will not be implied in terms inconsistent with intentions clearly expressed nor in the face of a conclusive manifestation that no contract was intended.[4] And, while it is true that quasi-contracts do not depend upon mutual assent and may be imposed by law contrary to the intent of one or both parties,[5] quasi-contractual obligations rest upon equitable considerations and will not be imposed if in particular circumstances it would not be unjust for the recipient of something of value to retain and use it without paying for it.[6] Thus an obligation to pay, ordinarily, will not be implied in fact or by law if it is clear that there was indeed no expectation of payment, that a gratuity was intended to be conferred, that the benefit was conferred officiously, or that the question of payment was left to the unfettered discretion of the recipient.[7]

---

4. The test is an objective one. The question is what a reasonable man would have understood, rather than the actual intention or belief of the parties. Western Asphalt Co. v. Valle, 25 Wash.2d 428, 438, 171 P.2d 159, 165 (1946); 22 Wash. L.Rev. 139 (1947).

5. Chandler v. Washington Toll Bridge, 17 Wash.2d 591, 137 P.2d 97 (1943); Restatement, Contracts § 5, Comment *a* (1932).

6. Chandler v. Washington Toll Bridge, supra, note 5; Kerr v. King County, 42 Wash.2d 845, 259 P.2d 398 (1953). See Comment, 29 Wash.L.Rev. 98 (1954); Restatement, Restitution § 1, Comment *c* (1937).

7. Sandeman v. Sayres, 50 Wash.2d 539, 314 P.2d 428 (1957); Winslow v. Mell, 48 Wash.2d 581, 295 P.2d 319 (1956); Spooner v. Reserve Life Ins. Co., 47 Wash.2d 454, 287 P.2d 735 (1955); 31 Wash.L.Rev. 109 (1956); Davidson v. Times Printing Co., 63 Wash. 577, 116 P. 18, 34 L.R.A.,N.S., 1164 (1911); Gross v. Cadwell, 4 Wash. 670, 30 P.

1052 (1892); Restatement, Restitution §§ 2, 112 (1937). See also Thompson v. United States, 9th Cir., 1962, 308 F.2d 628, and cases cited. The decisions relied upon by the District Court (Wiles v. Union Wire Rope Corp., 134 F.Supp. 299 (W.D.Mo.1955); Davis v. General Foods Corp., 21 F.Supp. 445 (S.D.N.Y. 1937)) appear to fall in this category. However, because quasi-contractual liability rests upon broad equitable considerations, the ultimate inquiry is always whether it would be just to require payment for the benefit received, and the remedy is not to be frustrated by imposing rigid or technical requirements unrelated to justice and equity. 1 Williston, Contracts § 3A (3d ed. 1957). See Halver v. Welle, 44 Wash.2d 288, 266 P.2d 1053 (1954); Mill & Logging Supply Co. v. West Tenino Lumber Co., 44 Wash.2d 102, 265 P.2d 807 (1954). Thus where equitable considerations do favor payment, a quasi-contractual obligation has been imposed though there was neither expectation of compensation (Hendryx v. Turner, 109 Wash. 672, 187 P. 372

But such an intention does not appear unambiguously from the face of the printed provision of this Suggestion Form. Thus, a possible interpretation [8] of the language, for which there is support even in this abbreviated record, is that Boeing was not to have unfettered discretion in administering the Suggestion System but rather was to have the right to make use of the suggestions submitted to it, to decide which one of competing applicants was entitled to the award for a particular suggestion, and to determine in good faith the sum which would reflect the reasonable value of the idea. Where, as here, the existence and terms of a contract must be determined by drawing inferences of fact from all of the pertinent circumstances, and the possible inferences are conflicting, the choice is for the jury.[9] We conclude that the printed provision of the Suggestion Form did not provide a proper basis for the order granting summary judgment.

Appellee's motion for summary judgment was also based upon the ground that appellant's idea was neither new nor novel. The District Court concluded that the record presented a disputed issue of fact. Appellee reasserts its contention here as an alternate ground in support of the order granting summary judgment.

Since it is conceded that Boeing solicited useful ideas whether or not they were original with the employee or new, originality or novelty would not be a material issue as to the cause of action based upon an implied-in-fact contract. In any event, we agree with the District Court that a disputed question of fact was presented. We think it inadvisable to anticipate the question of whether, under Washington law, a quasi-contractual obligation might arise from the appropriation and use of an unoriginal and non-novel idea in any possible circumstances which might be disclosed by the evidence ultimately offered.[10]

Reversed and remanded.

(1920)) nor mistaken reliance upon a supposed contractual obligation. How J. Ryan & Associates, Inc. v. Century Brewing Ass'n, 185 Wash. 600, 55 P.2d 1053, 104 A.L.R. 1353 (1936); King County v. Odman, 8 Wash.2d 32, 111 P.2d 228, 133 A.L.R. 1440 (1941). See also Nash v. Alaska Airlines, Inc., 94 F.Supp. 428 (S.D.N.Y.1950).

8. Where the choice is open, language relating to the terms of a contract will be so interpreted that the contract will be fair and reasonable rather than unfair and unreasonable. Smith v. Smith, 56 Wash.2d 1, 351 P.2d 142 (1960); 3 Corbin, Contracts § 552 at 210–11 (1960); Restatement, Contracts § 236 (a) (1932). And language such as that found in the printed provision of this Suggestion Form will be read against the party who chose it. Fossum v. Timber Structures, Inc., 54 Wash.2d 317, 341 P. 2d 157 (1959); Willett v. Davis, 30 Wash.2d 622, 193 P.2d 321 (1948); State Bank of Wilbur v. Phillips, 11 Wash.2d 483, 119 P.2d 664 (1941); Dorsey v. Strand, 21 Wash.2d 217, 150 P.2d 702 (1944); Restatement, Contracts § 236(d) (1932). See also Shay v. Agricultural

Stabilization Comm., 299 F.2d 516, 517 (9th Cir. 1962), and authorities cited regarding the construction of a " 'contract of adhesion'—one which gave the plaintiffs but one choice—to adhere to it or reject it."

9. 3 Corbin, Contracts § 554 at 226–27 (1960). See, e. g., Durand v. Heney, 33 Wash. 38, 73 P. 775 (1903); Keeter v. John Griffith Inc., 40 Wash.2d 128, 241 P.2d 213 (1952); State Bank of Wilbur v. Phillips, 11 Wash.2d 483, 119 P.2d 664 (1941). Thus, whether or not it was intended that services were to be performed or value conferred gratuitously is a question of fact to be determined by the jury under appropriate instructions from the court as to the legal consequences which will follow from the factual inferences which the jury chooses to draw from the relevant circumstances. Western Asphalt Co. v. Valle, 25 Wash. 2d 428, 438–441, 171 P.2d 159, 165–167; 22 Wash.L.Rev. 139 (1947); 3 Corbin, Contracts § 566 at 309 (1960); 1 Williston, Contracts § 36 (3d ed. 1957).

10. See generally 27 So.Cal.L.Rev. 119, 124 (1954).