[No. 787-3. Division Three. January 14, 1974.]

SONS OF NORWAY, *Appellant*, v. W. H. BOOMER *et al.*, *Respondents.*

*Harvey Erickson* and *Ross Worthington* (of *Erickson & Worthington*), for appellant.

*Carl Maxey* (of *Fredrickson, Maxey, Bell & Allison, Inc., P.S.*), for respondents.

McInturff, J.—Plaintiff appeals from a defense verdict and judgment in an action against defendants for unlawful detainer.

On March 10, 1972, plaintiff, as lessor, and defendants as lessees, entered into a 3-year commercial property lease, which in pertinent part provided:

BUSINESS PURPOSE

2. The premises are to be used for the purpose of conducting therein an Arcade composed of "Pool Tables," "Game Machine" and similar devices expressley for public entertainment and for no other business or purpose, without the written consent of Lessor.

. . .

SIGNS

18. All signs or symbols placed in the windows or door of the premises, or upon any exterior part of the building, by the Lessee shall be subject to the approval of the Lessor or Lessor's agents. In the event Lessee shall place signs or symbols on the exterior of said building, or in the windows or doors where they are visible from the street, that are not satisfactory to the Lessor or Lessor's agents, the Lessor or Lessor's agents may immediately demand the removal of such signs or symbols, and the refusal of the Lessee to comply with such demand within a period of twenty-four (24) hours will constitute a breach of this lease and entitle the Lessor to immediately recover possession of said premises in the manner provided by law.

On March 7, 1972, defendants met with plaintiff's president, Edwin Dahl. At this meeting defendants told Dahl of the type of business they intended to maintain on the premises, and during the course of the meeting, defendants drafted a list entitled "The Spokane Arcade Adult Enter-

tainment Center," containing the following items: "Jewelry, cards (greeting), novelties, books, magazines, flipper games, pool tables, photo studio, viewing machines, vending machines, music machines. Hours 10:00 A.M. to midnight." At this time the list was read to plaintiff's president, Edwin Dahl, and was later delivered to James S. Black & Co., plaintiff's rental agent for the property.

Prior to plaintiff's action for unlawful detainer alleging defendants violated the two covenants set out above and contained in the lease, a 10-day notice given to defendants to perform covenants of the lease or vacate premises stated that they were in default in the following respects:

(1) You have violated Paragraph 2 of the lease in that you have installed viewing machines and obscene pictures, magazines, etc., catering to the prurient interests of the public and attracting people who are not compatible to a decent or orderly place of business.

(2) You have violated Paragraph 18 of the lease in that you have placed signs upon the window without the permission of lessor.

At trial, the jury returned a defense verdict and judgment was entered accordingly.

Initially, plaintiff urges the trial court erred in refusing to receive in evidence plaintiff's proposed exhibits 2 and 3, consisting of two magazines, pornographic in nature, purchased at defendants' business, photos of viewing machine pictures, and additionally, erred in refusing to allow a description of the merchandise sold on the premises.

The basic issue at trial was whether the lease permitted viewing machines or the sale of magazines on the leased premises. It was not contested by defendants that such materials were on the leased premises, and for that reason the content of the magazines and viewing machines was irrelevant and immaterial to the issues of the case. Further, during the course of trial these materials were referred to as stag or exotic films or magazines, and some of the magazine titles were presented to the jury. Therefore, the exhibits referred to by plaintiff would have been

cumulative and their admission or exclusion is within the sound discretion of the trial court. *Toftoy v. Ocean Shores Properties, Inc.*, 71 Wn.2d 833, 431 P.2d 212 (1967); *Hartman v. Port of Seattle*, 63 Wn.2d 879, 389 P.2d 669 (1964). We find no error.

 Plaintiff next urges the trial court erred in admitting into evidence defendant's exhibit 5, the above-referred-to handwritten list, to clarify or modify the terms of the lease, and further erred in giving instruction No. 5, reading as follows:

> Provisions in a lease concerning or restricting the use of the premises are binding and may be enforced. If such provision is clear and complete, you are not permitted to consider other evidence to add to, subtract from, vary or contradict the provision.
>
> However, a written agreement, such as a lease, may be modified by a second written instrument, executed contemporaneously, providing both of the parties intend that it be considered as a part of the agreement.
>
> If the agreement is ambiguous or incomplete, it is the function of the jury to ascertain and give effect to the intention of the parties. In this connection you may consider the instrument as a whole, the circumstances surrounding the negotiation of the lease and any other evidence which you believe bears upon the intention of the parties. If doubt still exists as to the meaning of the provision respecting the use of the property, such doubt is to be resolved in favor of the lessees (defendants), particularly where the lease is drawn by the lessor.

The general question presented in this assignment of error is whether the lease was ambiguous concerning the purposes for which plaintiff could utilize the leased premises.

> [I]n order to show the intent of the parties, parol evidence is admissible where it appears that the language is ambiguous or susceptible of more than one interpretation, or where an indispensable term or condition cannot be ascertained therefrom.

(Footnote omitted.) 3 S. Gard, *Jones on Evidence, Civil and Criminal* § 16.19 (6th ed. 1972). *See also* 30 Am. Jur.

2d *Evidence* §§ 1065 *et seq.* In *Murray v. Western Pac. Ins. Co.,* 2 Wn. App. 985, 989, 472 P.2d 611 (1970), the court stated: "A written instrument is ambiguous when its terms are uncertain or capable of being understood as having more than one meaning. *Ladum v. Utility Cartage, Inc.,* 68 Wn.2d 109, 411 P.2d 868 (1966)." *See also Nashem v. Jacobson,* 6 Wn. App. 363, 367, 492 P.2d 1043 (1972). Once it is determined that the written contract is ambiguous it is proper to receive evidence concerning the negotiations and events prior to execution of the contract. *Forrester v. Craddock,* 51 Wn.2d 315, 317 P.2d 1077 (1957). At page 318 the court stated:

> Once having determined that the contract was ambiguous in relation to the amount of compensation (or fee) to be paid to appellants, it was proper for the trial court to receive evidence as to the facts and circumstances leading up to the execution of the contract, and, as trier of the fact, determine the intention of the parties. See *Henry v. Morrow,* 49 Wn. (2d) 270, 273, 300 P. (2d) 574; *Brown v. Poston,* 44 Wn. (2d) 717, 721, 269 P. (2d) 967; *Keeter v. John Griffith, Inc.,* 40 Wn. (2d) 128, 131, 241 P. (2d) 213; *State Bank of Wilbur v. Phillips,* 11 Wn. (2d) 483, 489, 119 P. (2d) 664; and *Durand v. Heney,* 33 Wash. 38, 41, 73 Pac. 775.

In the instant action the lease in pertinent part provides:

BUSINESS PURPOSE

2. The premises are to be used for the purpose of conducting therein an Arcade composed of "Pool Tables," "Game Machine" and similar devices expressley [*sic*] for public entertainment and for no other business or purpose, without the written consent of Lessor.

It is apparent that the intention of the parties with respect to the business purposes permissible under the lease cannot be precisely ascertained from the language of the lease. The term "similar devices" is open to many interpretations; the trial court was correct in receiving evidence from which the jury could determine the intention of the parties. *Forrester v. Craddock, supra.*

█ Plaintiff next contends the trial court erred in giv-

ing instruction No. 6 because the installation of pool tables was required by the terms of the lease. Instruction No. 6 reads:

> The fact that the lease authorized the use of pool tables does not require that the lessees install pool tables. The lessees are not permitted, however, to use the premises in such a way as is prohibited by the lease.

Plaintiff's position is that the lease is destroyed because of the impossibility of placing pool tables on the leased premises due to the effect of a city ordinance which prohibited the use of pool tables where the building had no rear exit. We do not agree. Under the lease the business purpose was to maintain an arcade composed of pool tables, game machines and similar devices expressly for public entertainment. This provision does not restrict defendants' use of the leased premises to utilization as a pool hall, but instead, is only permissive as to the uses specified. *See Hayton v. Seattle Brewing & Malting Co.,* 66 Wash. 248, 119 P. 739 (1911).

■■ Next, plaintiff urges the trial court erred in giving instruction No. 8A:

> You are instructed that the law charges the principal, Sons of Norway, Tordenskjold Lodge No. 5, with notice of any fact, relating to the leasing of the premises, which their agents, Edwin O. Dahl or Dale Harshbarger, acquire or obtain while acting as such agents and within the scope of their authority.

Defendants contend this instruction was erroneous because there was no evidence that Edwin Dahl was the agent of plaintiff. This assignment of error is without merit; a corporate officer is an agent for the corporation. *Williams v. Queen Fisheries, Inc.,* 2 Wn. App. 691, 469 P.2d 583 (1970). This instruction properly stated the law that plaintiff is charged with notice of facts acquired by its agents. *State ex rel. Hayes Oyster Co. v. Keypoint Oyster Co.,* 64 Wn.2d 375, 391 P.2d 979 (1964). Further, the qualifying phrase "while acting as such agents and within the scope of their authority" properly left for the jury the question of

whether specific acts of Mr. Dahl were done in his capacity as agent for plaintiff and were within the scope of his apparent authority.

Plaintiff further assigns error to instruction No. 2. This instruction is not set out in full in appellant's brief and therefore will not be considered upon appeal. CAROA 43.

The judgment of the trial court is affirmed.

GREEN, C.J., and MUNSON, J., concur.

Petition for rehearing denied February 20, 1974.