[No. 3136. Decided November 12, 1898.]

HENRY M. RICHARDS, *Receiver, Respondent,* v. T. E. JEFFERSON *et al., Defendants,* C. S. PORTER *et al., Appellants.*

PARTNERSHIP — CONTRACTS OF CO-PARTNER — PROMISSORY NOTES — PAYMENT — PLEADING.

Although one co-partner may have had no authority to bind the firm by the execution of promissory notes in its name, a subsequent memorandum, executed by the co-partnership and reciting that the company is indebted to the payee in sums evidenced by promissory notes executed by the company now overdue, amounts to a ratification of the notes, even if several of them may not be quite due, when there were no other notes between the parties than the ones in suit.

Proof of payment of a promissory note cannot be introduced in evidence, unless pleaded.

A bank is not obliged to retain deposits for the purpose of applying same on the depositor's notes held by it, if there is no agreement to that effect.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Affirmed.

*W. B. Heyburn, E. M. Heyburn* and *L. A. Doherty,* for appellants.

*Stephens & Bunn,* for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—This was an action upon fourteen promissory notes executed at various times, commencing with January 2, 1893, and ending on May 25, 1893. All of them were made payable to the order of T. E. Jefferson, at the Washington National Bank of Spokane, and they all purported to be executed by the Custer Mining Company, by T. E. Jefferson. Some of them contain opposite his signature the letters "Mgr." as an abbreviation for

manager.  The action was brought against the defendants
T. E. Jefferson, W. H. Taylor, C. D. Porter and Peter
Porter, as members of the co-partnership called the Custer
Mining Company.   Charlotte E. Taylor and Lizzie D.
Porter were made defendants, as wives of certain of the
other defendants, in order to reach community property.
At the close of the plaintiff's testimony, the defendants
moved for a non-suit, which was denied; and, the judg-
ment going for the plaintiff upon the trial, certain of the
defendants have appealed.

Some of the errors assigned are not argued, and are
evidently abandoned.   The first part of appellants' argu-
ment is directed to the proposition that Jefferson had no
authority to execute the notes in question; but we think
this is eliminated from the case for the reason that a subse-
quent ratification was shown by an instrument which ap-
pears in the record, a portion of which relating thereto
reads as follows:

" This Memorandum of Agreement made this 8th
day of August, 1893, between Carey D. Porter, Peter
Porter, William H. Clagett, Thomas E. Jefferson and
William H. Taylor, of the first part, and the Washing-
ton National Bank of Spokane Falls and W. B. Roberts,
Receiver of the Washington Savings Bank as parties of
the second part, witnesseth:   That, whereas heretofore
and now the said parties of the first part constitute the
co-partnership known as the Custer Mining Company and
as such are the owners of the Custer Mine and other
mining properties and certain personal property used in
the operation of such mining properties, situate in the
state of Idaho, and as such co-partnership they are in-
debted to the said Washington National Bank in the sum
of Forty Six Thousand One Hundred Eighty 00-100 Dol-
lars, and interest, and also indebted to the said Washing-
ton Savings Bank, of which the said W. B. Roberts is
Receiver, in the sum of Fifty Five Thousand Seven Hun-
dred Forty Six and 54-100 Dollars, and interest, all of
which said indebtedness is evidenced by promissory notes

executed by the Custer Mining Company now over-
due,   .   .   ."

It is argued by the appellants that this admission should
not be treated as conclusive, for the reason that it men-
tioned the notes as overdue, while three of them did not
fall due until a few days after the instrument was exe-
cuted; but there was no contention that there were any
other such notes, and the evidence showed that these were
the only ones held by the plaintiff or the Washington
Savings Bank against the Custer Mining Company; and
we think this agreement, under the proofs, clearly showed
a ratification of the notes in question, regardless of any
authority on the part of Jefferson to execute them in
behalf of the company at the time they were given.

Appellants also contend that the court erred in exclud-
ing proof offered by the defendants to the effect that the
indebtedness had been paid by deposits by the company
on ore returns in the Washington National Bank, said
notes having been originally negotiated to that bank. The
matter has been before this court heretofore in the case of
*Roberts v. Washington National Bank,* 11 Wash. 550 (40
Pac. 225), where the savings bank sought to recover of
the national bank on the notes, but was defeated. This
proof was excluded, on the ground that there was no plea
of payment in the answer, and we think rightly. Also,
there was nothing to show that the Washington National
Bank was obliged to retain such deposits to pay such in-
debtedness, if it held the notes at the time.

Affirmed.

Dunbar, Anders and Reavis, JJ., concur.