[No. 13378. Department Two. July 5, 1916.]

E. B. PALMER et al., as Palmer & Askren, Respondents, v.
GEORGE H. PARKER, Appellant.[1]

EVIDENCE—DOCUMENTARY EVIDENCE—IDENTIFICATION. In an action
to recover for legal services, an alleged written agreement of set-
tlement of a cause conducted for defendant, which was not sued
upon directly, was sufficiently identified to permit of its introduction
in evidence, without identification of signatures, where the attorney
testified it was the final agreement made by him on behalf of de-
fendant and the adverse parties to the suit, and where the attorneys
for the adverse parties also generally identified it in their deposi-
tions.

TRIAL—RECEPTION OF EVIDENCE—DOCUMENTARY—READING TO JURY.
A document properly introduced in evidence may be read to the jury
either by the party himself or by his attorney, where there are no
explanations by the witness other than identification of items men-
tioned therein.

TRIAL—INSTRUCTIONS—COMMENT ON FACTS. It is not an unlaw-
ful comment on the facts, in an action for attorney's fees, in which
the burden was upon defendant to prove his affirmative defense of
payment of $7,500 in full for past and for future services, to instruct
the jury "to entirely disregard said payment of $7,500," if they do
not believe by a fair preponderance of the evidence that such sum
was intended to cover the future services.

PAYMENT—PLEADING—BURDEN OF PROOF. Payment must be pleaded
in an affirmative defense, and the burden of proving it and its
specific application is upon the party pleading it.

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS. In an action
by an attorney for legal services, an instruction "to entirely disre-
gard" defendant's payment of a sum pleaded as in full for all legal
services, if the defense was not sustained by a fair preponderance of
the evidence, was not prejudicial, where the instructions as a whole
did not exclude that payment as an item to be considered in deter-
mining the reasonable value of the services rendered subsequent to
such payment.

Appeal from a judgment of the superior court for King
county, Mackintosh, J., entered October 21, 1915, upon the
verdict of a jury rendered in favor of the plaintiffs, in an
action for legal services. Affirmed.

[1]Reported in 158 Pac. 1017.

*Walter S. Fulton*, for appellant.

*A. J. Falknor*, for respondents.

Holcomb, J.—Respondents, in the superior court, had verdict and judgment thereon for $3,500, upon four alleged causes of action demanding a total of $4,350, for legal services performed by them for appellant.

Appellant's first complaint of error at the trial is upon the admission of an alleged agreement of settlement entered into in a certain cause conducted for appellant, upon the grounds that the agreement had not been identified, was incompetent and immaterial, and was prejudicial to appellant, and further, that respondent Palmer was permitted, over objection by appellant, to emphasize the statements and recitals in this instrument by reading them in detail and explaining them to the jury.

This instrument was, before it went to the jury, generally identified by respondent Palmer, while testifying, as "the final agreement" made by him on behalf of appellant, Mr. Murphy, attorney for the wife of appellant, and the attorneys for the adverse parties, in a suit for more than $1,-300,000 pending in King county, numbered 81759, and had also been generally identified by attorneys for the adverse parties testifying by deposition in New York City. It was not sued upon directly and it was not necessary to strictly prove and identify its signatures. It was relevant and material in connection with proofs of the services rendered by respondents, and the objections thereto were therefore not tenable. When properly introduced, it was not error to permit it to be read to the jury, either by the party himself or his attorney. There were no explanations by the witness which did not refer merely to identification of items mentioned in the stipulation or stating what he, as attorney for appellant, did in carrying out the specific provisions of the stipulation. This was proper, competent, and material.

An affirmative defense alleged by appellant was payment. He averred that he paid the sum of $7,500 to respondents as, and agreed by respondents to be, in full for all legal services theretofore performed, and to include payment in full for all such services thereafter to be and which were rendered by respondents to appellant. This was denied, and the proofs thereon were conflicting. Upon this issue the court instructed:

"If you do not believe by a fair preponderance of the evidence that said $7,500 was intended to and agreed to cover such future services as are referred to in the complaint, *then it is your duty to entirely disregard said payment of said $7,500;*"

the italicized portion being assailed as a comment on facts. We do not so regard it. This referred to an affirmative plea as to which the burden was upon appellant. If he failed to show by a fair preponderance of the evidence his specific affirmative allegations, that defense was wiped out. That is all the jury were told.

Closely related to this, however, are instructions also attacked by appellant, among them one that the burden of proof was upon appellant to prove that the payment of $7,500 covered the services involved herein. The contention is untenable under the decisions of this state that it is necessary to plead payment affirmatively (*Richards v. Jefferson,* 20 Wash. 166, 54 Pac. 1123; *Pickle v. Anderson,* 62 Wash. 552, 114 Pac. 177), and the burden of proving payment and for what specific application is upon the party pleading it. 30 Cyc. 1264.

This applies also in effect to appellant's assignment No. 4, as to another instruction concerning a cross-complaint for $884, alleged to have been paid to respondents. It is urged, however, that the payment of the $7,500 for services rendered was a fact and circumstance material to be considered by the jury in order to intelligently determine the value of the services here sued for, and not to be disregarded.

The pleadings and proofs of the parties show that appellant
was involved in a vast amount of litigation arising out of
some wireless company stock transactions and business trans-
actions of his own.    There were several civil suits in which
he was involved besides the large one heretofore mentioned.
There was also a criminal prosecution by the United States
against him.    Appellant's answer, among other things, al-
leged that:

"After the conclusion of the plaintiff E. B. Palmer's serv-
ices in behalf of the defendant in said prosecution, he stated
to Clyde Parker, the son of defendant and his authorized
agent and representative, that his bill and charge for services
was $7,500, and then and there represented that said charge
was in full of and included any and all services theretofore
rendered by the plaintiff E. B. Palmer in behalf of the de-
fendant in said criminal prosecution, or which he might
thereafter be called upon to perform therein, or in any matter
that had grown out of, or that might thereafter grow out of,
said criminal prosecution or the connection of the defendant
with and his interest in, the United Wireless Telegraph Com-
pany."

In various instructions the jury were told that, if they
believed from a fair preponderance of the evidence the fore-
going settlement was made as pleaded, it was a complete de-
fense to any and all claims by respondents growing out of
or concerning any matter; that if they found such services
were performed as alleged by plaintiffs at the request of de-
fendant, and not volunteered by plaintiffs, then plaintiffs
were entitled to compensation for the reasonable value of
such services; and in determining the reasonable value of
such services, the jury were to take into consideration the
nature of the controversy, the skill and labor required, the
responsibility imposed, the standing and experience of the
attorney, the success achieved, and the reasonableness or
unreasonableness of the charges made, from all the evidence
and facts and circumstances in the case as disclosed by the
evidence.

Viewed in connection with the foregoing (summarized) very fair and comprehensive instructions, the jury could hardly avoid considering the fact of payment of a certain sum for certain services in considering the charges of the attorneys for further or other services, in any event, as a means of comparison and upon the question submitted to them of the reasonableness of the fees charged and demanded therefor. They were in possession of every fact and circumstance as disclosed by the evidence, of services rendered, nature and result thereof and payments made by appellant, and were to determine for what purpose specifically the payments were made. While so determining, they were necessarily considering every fact and circumstance and the respective relations thereof and their effect. Taken as a whole, the instructions, not all of which have been mentioned, were perfectly fair to appellant and correct.

Other errors claimed in general related to or were of the same nature as those discussed. We find no error in any of the instructions under the issues in the case.

Affirmed.

Morris, C. J., Bausman, Parker, and Main, JJ., concur.