[No. 25219. Department One. November 17, 1934.]

CREDITORS ASSOCIATION, *Appellant,* v. ROBERT J. FRY
*et al., Respondents.*[1]

*Howard O. Durk,* for appellant.

MILLARD, J.—This is an action to recover the balance claimed to be due on a promissory note. Defendants answered, admitting execution of the note, and pleaded payment as an affirmative defense. The cause was tried to the court, which found that the note had been paid, and entered judgment dismissing the action. Plaintiff appealed.

■■ In order to be effective in favor of the party pleading it, the plea of payment must be supported by a preponderance of the evidence; that is to say, the plea of payment tenders an affirmative defense, and the burden of proving it is upon the party pleading it. *Palmer v. Parker,* 91 Wash. 683, 158 Pac. 1017. The facts, summarized as follows, clearly disclose failure of respondents to sustain that burden:

[1]Reported in 37 P. (2d) 688.

On March 23, 1931, Robert J. Fry purchased merchandise in the amount of $640.26 from Sears, Roebuck & Co. At that time, the purchaser paid one hundred dollars of the purchase price, and gave to the seller his promissory note, secured by chattel mortgage covering the merchandise sold to him, for the balance of $540.26, payable in monthly installments of thirty dollars, with interest at eight per cent per annum. Only two of the monthly installments were paid by Fry to Sears, Roebuck & Co. That company assigned the note December 15, 1932, to appellant, who brought this action to recover the balance due on the note.

Respondent Fry testified that he informed an attorney representing the payee that he could not pay the balance due, and it was agreed between them that, if Fry would return the merchandise to Sears, Roebuck & Co., the indebtedness would be cancelled. That attorney testified that he was advised by his client, Sears, Roebuck & Co., to allow respondent Fry full credit for any articles returned. The attorney, accompanied by Fry, went through the latter's home and made a list of the articles that could be returned; and same were returned to Sears, Roebuck & Co. The attorney prepared a satisfaction of chattel mortgage and endorsed on the back thereof a list of the articles returned. The credit allowed Fry was the original purchase price of each article, aggregating $301.07, which amount the attorney inserted in the satisfaction in a blank space he had provided for that purpose. He then signed the satisfaction and delivered it to Fry. The note was not surrendered to Fry, who did not demand same. This attorney testified positively that, while he was authorized to release the chattel mortgage securing the note, he was not directed to settle in full for the articles returned and had no intention of so doing. He informed Fry

" . . . that he could fix up the balance later and he said he wanted to do some more business with Sears, Roebuck & Co. and would do the right thing but could not pay anything at that time. I did not satisfy the chattel mortgage of record. I delivered the satisfaction to Mr. Fry himself."

He further testified that Sears, Roebuck & Co. did not approve the credit allowance given to Fry, it being their contention that Fry 'should have been credited only with the resale value of the articles returned. The satisfaction upon which respondents rely as evidence of payment of their note in full reads as follows:

"Sears, Roebuck & Co., a corporation *hereby certify that a certain Chattel Mortgage given to* it *by* Robert J. Fry *dated* March 23rd *1931, filed in the office of the County Auditor of* King *County, Washington,* March 31, *1931, No.* 893915 *Mortgaging the following described personal property situate in the County of* King *and State of Washington, to-wit:* said mortgage covering that certain personal property itemized and described in the aforesaid chattel mortgage.

It is hereby understood and agreed that the said Mortgagee will have the said Chattel Mortgage satisfied of Record in the office of the County Auditor.

It is further understood that the sum of $301.07 shall be endorsed upon the Promissory Note signed by Robert J. Fry to Sears, Roebuck and Co. Inc., said Note being dated March 23rd 1931.

*has been paid and discharged in full, and the County Auditor of said County is hereby authorized to cancel and satisfy the same of record.*

*Dated* Dec. 6th, *1932.*

Sears, Roebuck & Co. Inc.
By Chas. O. Donnelly,
Its Attorney."

We have italicized the printed portion of that instrument. The following typewritten clause inserted in the instrument clearly discloses the intention of the parties:

342

"It is further understood that the sum of $301.07 shall be endorsed upon the Promissory Note signed by Robert J. Fry to Sears, Roebuck and Co. Inc."

Instead of sustaining the plea of payment, it establishes the fact that the agreement was that the $301.07 was to be endorsed on the note as a credit. That typewritten clause is inconsistent with, and contradictory of, that part of the printed form which is to the effect that the indebtedness has been paid. It is a rule of general application that, if in a contract there appears a printed and a typewritten clause which are irreconcilable one with the other, the typewritten clause will prevail. *German-American Mercantile Bank v. Illinois Surety Co.*, 99 Wash. 9, 168 Pac. 772; *Eighme v. Holcomb*, 84 Wash. 145, 146 Pac. 391; *Davis v. Lee*, 52 Wash. 330, 100 Pac. 752, 132 Am. St. 973; 13 C. J. p. 536, § 498.

The evidence does not sustain the finding that the note had been paid. Under the facts, the respondents were entitled to a credit of $301.07; appellant is entitled to a judgment for the balance due after allowing that credit, with interest and attorney's fees, as in the note provided.

The judgment is reversed, and the cause remanded with direction to proceed accordingly.

BEALS, C. J., MAIN, TOLMAN, and STEINERT, JJ., concur.