[No. 36786. Department One. March 26, 1964.]

WEST COAST CREDIT CORPORATION, *Appellant,* v. ROBERT L. PEDERSEN *et al., Respondents,* CHARLES CLEMAN *et al., Defendants.*

WEST COAST CREDIT CORPORATION, *Appellant,* v. RICHARD D. LANG *et al., Respondents,* CHARLES CLEMAN *et al., Defendants.**

\*Reported in 390 P. (2d) 551.

*McMicken, Rupp & Schweppe,* for appellant.

ROSELLINI, J.—The appellant brought these consolidated actions as assignee of two conditional-sales contracts, claiming an unpaid balance due on each contract. Named as defendants were the assignor (seller of the tractors covered by the contracts, who had guaranteed payment of the purchase price in each instance), the manufacturer of the tractors (as alleged principal of the seller), and the purchasers of the tractors. The seller, Charles Cleman, defaulted, and judgment was entered against him and his wife, according to the prayers of the complaints.

The actions were tried to the court, which granted the remaining defendants' motions for dismissal at the close of the plaintiff's evidence, on the ground that the plaintiff had failed to present proof that there was anything due and owing on either of the contracts. The plaintiff's motion to reopen to present formal proof was denied. On this appeal from the judgment entered in favor of these defendants, the appellant contends that the court committed several errors, only two of which we find it necessary to discuss in order to dispose of the matter. The first of these was a ruling by the court that one of the contracts sued upon was inadmissible. This ruling was made after the defendant Robert L. Pedersen admitted that he had signed the contract, but testified that he had signed it in blank and that the blanks had not been filled in in accordance with his agreement.

While it is the rule that a party may show by parol that he executed an instrument in blank and it was filled out without authority or improperly (see 32 C.J.S., Evidence § 977, p. 936), such evidence does not render the document inadmissible. The contract in this case was the instrument sued upon, and as such was relevant, material, and compe-

tent. 20 Am. Jur., Evidence § 912, p. 768. Whether it correctly expressed the contract between the parties was an issue to be determined by the trier of the fact after hearing all of the evidence; and it was error to exclude it on the bare assertion of its invalidity by the person who admittedly executed it.

The other significant assignment of error is directed to the court's ruling on the motions for dismissal at the close of the plaintiff's evidence. As we have stated before, these motions were granted on the ground that the plaintiff had failed to prove an essential element of each of its causes of action—that there was anything due and owing on the contracts.

■ This ruling was incorrect, for the reason that the burden was not upon the plaintiff to prove that the indebtednesses had not been paid, but rather upon the defendants to prove payment. *Creditors Ass'n v. Fry*, 179 Wash. 339, 37 P. (2d) 688. Rule 8 (c), Rules of Pleading, Practice & Procedure. It is true that the plaintiff was required to allege that there was an amount owing as a part of its claim for relief in the case of each contract, and it is, of course, anomalous that the plaintiff should not have to prove that which it was required to allege. But, anomalous or not, this rule has long been accepted. It is discussed at some length in an article in 10 Cornell L. Q. 269, by Alison Reppy, entitled "The Anomaly of Payment as an Affirmative Defense."

As the author of that article points out, the best reason why the rule should not be abandoned is that it is practical. The plaintiff should be required to state facts which, if verified and not denied, prove to the court that the plaintiff is entitled to the judgment which he demands. But, since it is extremely difficult if not impossible to prove nonpayment, a negative, and relatively easy for the defendant to prove that he has paid, the burden of proof should rest upon him.

The general rule, therefore, which we find to be in accord with reason and justice, is that failure to pay must be alleged if it is an essential element of the claim for relief,

as in this case, where the breach of the contract consists of nonpayment; but the burden rests upon the defendant to prove payment. *Hughes v. Wachter*, 61 N. D. 513, 238 N. W. 776 (annotated in 100 A.L.R. 255), and cases cited therein; *Lent v. New York & M. R. Co.*, 130 N. Y. 504, 29 N. E. 988 (1892).

Whether it is necessary to specially allege payment as an affirmative defense in an action such as this (where nonpayment is the gist of the cause of action) is a question which we need not decide at this time, inasmuch as the issue is not raised in the record—there having been an affirmative allegation of part payment by each of the purchasers.

The plaintiff showed by its evidence that the two contracts sued upon were executed by the defendant purchasers, and its complaints averred that there were specified amounts due and owing on the contracts. A prima facie case was thus established. It was error to dismiss the actions for failure to present proof of nonpayment.

The judgment, insofar as it dismissed the defendants other than Cleman and his wife, is reversed and the causes remanded for a new trial.

OTT, C. J., HILL and HUNTER, JJ., and DAWSON, J. Pro Tem., concur.