Judy **RUMLEY, Plaintiff-Appellant,**

v.

**CITY OF MASON CITY, IOWA,
Defendant-Appellee.**

No. 2–65902.

Court of Appeals of Iowa.

April 27, 1982.

R. Michael Sweesy, Mason City, for plaintiff-appellant.

John Scoles and Warren L. DeVries, Mason City, for defendant-appellee.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

JOHNSON, Judge.

Plaintiff, Judy Rumley, appeals from a verdict in favor of defendant, City of Mason City, in her action for personal injuries arising out of a traffic accident. On appeal plaintiff asserts that trial court erred: 1) in excluding documentary evidence on foundational grounds; 2) in excluding foundational evidence as a sanction pursuant to Iowa R.Civ.P. 134(b)(2)(B) for her alleged failure to cooperate in discovery procedures; and 3) by submitting inaccurate and incomplete statements of the law in its instructions relating to the legal excuse doctrine. We reverse and remand for a new trial.

The accident giving rise to this action occurred on August 20, 1977, at approximately 9:15 p.m. Plaintiff was injured when her car was struck by a Mason City police car driven by city police officer Randy Kirkbride in the course of his employment. Kirkbride was responding to a report of a bar fight and had activated the flashing lights on the top of the police vehicle when he entered an intersection from the east without stopping at the stop sign regulating westbound traffic. Plaintiff's vehicle entered the intersection from the south and was proceeding in a northerly direction. No traffic control device regu-

lated plaintiff's entry into the intersection. Plaintiff's petition alleged that Kirkbride was negligent: a) in failing to maintain a proper lookout; b) in failing to have his motor vehicle under control and reducing the speed to a reasonable and proper rate when approaching an intersection, in violation of section 321.288, The Code; c) in failing to stop in obedience to a traffic control signal, in violation of sections 321.-255–321.257, The Code; and d) in operating his motor vehicle at a speed in excess of the lawful speed limit, in violation of section 321.285, The Code. She further alleged that Kirkbride's negligence was imputable to defendant. The jury returned a verdict for defendant. Trial court subsequently overruled plaintiff's motion for new trial which raised the issues presented on this appeal. Plaintiff's appeal followed.

I. Scope of Review. Since this is an action at law, our review is on assigned errors only. Iowa R.App.P. 4.

II. Admission of Documentary Evidence.

A. Adequacy of Foundation. Plaintiff first asserts that trial court erred in refusing to admit certain documentary evidence due to a lack of adequate foundation. Trial court sustained defendant's objection to admission of plaintiff's Exhibits S and T, a copy and the original, respectively, of a vehicle accident report allegedly signed by Kirkbride. At trial, Kirkbride, called as a witness by plaintiff, testified that he was not sure whether or not he had his siren or audible signalling device activated just before the accident. On cross-examination by defendant, Kirkbride testified that although he was not one hundred percent positive, it was his best recollection that he did have his siren on. He stated, however, that as he was about to enter the intersection there was a radio transmission and that he might have turned off the siren just as he got to the intersection so that he could hear the radio transmission. Upon further cross-examination, Kirkbride described the characteristics of the siren, stating that he had heard that particular siren, and that it would be very easy to hear it more than 500 feet away.

Plaintiff then attempted to introduce evidence in order to lay a foundation for possible impeachment of Kirkbride by reason of prior inconsistent statements. In so doing, plaintiff presented the witness with plaintiff's Exhibit "S" which was a dated August 26, 1977, and signed by "Randy L. Kirkbride." Exhibit S contained statements attributed to witness Kirkbride that he did not have his siren operating at the time of the accident, that he should have entered the intersection with more caution, and that he should have slowed up at the intersection.

Upon questioning, Kirkbride identified Exhibit S as a vehicle accident review report dated August 26, 1977. He then was asked whether or not the exhibit was an accident review report which he had signed with respect to the accident in the instant case. He responded: "Appears to be a copy of my signature, yes." Counsel then asked Kirkbride if the exhibit was a "true copy of the vehicle accident review which was signed by you with respect to this matter?" The witness answered "possible, I'm not really for sure but it looks like it." In subsequent questioning, he stated "I don't remember it and the signature looks like mine but I don't remember it." The court sustained defendant's objection to the introduction of the exhibit on the grounds of lack of adequate foundation. Plaintiff again asked the witness as to whether or not on August 26, 1977, he signed a certain vehicle accident review report (plaintiff's Exhibit T is the original) concerning the circumstances relating to this accident. Kirkbride replied that he did not remember but did state that the signature on Exhibit "T" appeared to be his signature. Upon plaintiff's offer of Exhibit T into evidence, trial court sustained defendant's objection to its admission on the basis of no proper foundation or identification of the document, showing that the words appearing on the instrument at trial were there when Kirkbride signed it.

 We begin our analysis by stating the principles governing our review of this

issue. Admissibility of documentary evidence requires authentication to establish a proper foundation. *In the Interest of Herron*, 212 N.W.2d 474, 476 (Iowa 1973). E. Cleary, *McCormick's Handbook of the Law of Evidence* § 51 (2d ed. 1972). Among the ways to effect authentication are: 1) testimony of a witness who swears that he or she saw X sign the offered writing; or 2) testimony of X, the signor, acknowledging his or her signature on the document. *Id.* § 219. Further, once a signature on a signed document is proven, the party offering the documentary evidence is not required to prove the genuineness of the writing in the body of the document. *See* 7 Wigmore, *Evidence* § 2134 (Chadbourn rev. 1978); 32 C.J.S. *Evidence* § 741 (1964); *Winn v. Gulf, Mobile & Ohio R.R.*, 284 S.W.2d 455, 461–62 (1955) (Hyde, J., concurring).

█ We thus conclude that trial court erred in ruling the report was inadmissible. This error requires reversal.

B. Foundation Witnesses. Plaintiff next argues that trial court abused its discretion in refusing to permit plaintiff to introduce the requisite foundational testimony for introduction of Exhibit T. We agree. Since we have found that Exhibit T should have been admitted, it is unnecessary to address this issue. However, we nonetheless believe trial court erred in this ruling also.

Before discussing the applicable principles, we will first address the relevant factual context. After trial court had held additional foundation was necessary for introduction of Exhibit S and T, plaintiff informed trial court of her intention to call foundation witnesses for that purpose. At that time defendant objected to the testimony of these witnesses for the reason that they were not listed as witnesses in plaintiff's answer to defendant's interrogatory number 34. Interrogatory number 34 stated in relevant part:

State the names and addresses of all persons believed or known by you or your attorneys who have any knowledge concerning the facts pertaining to: (1) the accident in question; ... ANSWER: (1) Myself and Randy L. Kirkbride, the defendant's employee ... [.]

Trial court ruled that plaintiff's foundational witnesses, Mason City police officers Kleinow and Stephens, would not be allowed to testify due to plaintiff's failure to properly comply with discovery. The court noted that plaintiff had had possession of or knowledge of Exhibit T for approximately one week prior to trial, including the time at which plaintiff took the deposition of officer Kirkbride. Trial court also found that at the time plaintiff took Kirkbride's deposition, she also knew of the involvement of officers Kleinow and Stephens in investigating the accident involved and other contact with officer Kirkbride and the relationship to offered Exhibit T. The court further stated that, at the time of the taking of the deposition, plaintiff did not ask Kirkbride any questions with respect to Exhibit T or the surrounding circumstances known to officers Kleinow and Stephens. Had plaintiff done so, the court concluded plaintiff would have been in a position to amend her answer to interrogatory number 34 and list the names of additional witnesses who would testify with respect to Exhibit T, and the circumstances surrounding preparation and execution of that exhibit. Trial court concluded that plaintiff had decided as a matter of trial strategy not to refer to these matters in the deposition of Kirkbride, but rather to confront him with the apparent conflict at the time of trial, presumably in the expectation that the surprise would make a better impact on the jury. Trial court then ruled that exclusion of the testimony of officers Kleinow and Stephens was a proper sanction for violation by plaintiff of Iowa discovery rules, particularly Iowa R.Civ.P. 134.

█ Iowa R.Civ.P. 134(b)(2) provides, in part:

If a party ... fails to obey an order to provide or permit discovery, ... the court ... may make such orders in regard to the failure as are just, and among them the following:

 \* \* \* \* \* \*

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses or prohibiting him from introducing designated matters in evidence.

Trial court is vested broad discretion in imposing such sanctions under rule 134 and we will not reverse such an order unless there has been an abuse of that discretion. *Wernimont v. International Harvestor Corporation,* 309 N.W.2d 137, 143 (Iowa App. 1981). A party's disobedience of discovery orders need not be willful in order to bring about sanctions under the rule. *Id.*

■ After examination of the record, we conclude that trial court abused its discretion in refusing to allow plaintiff to introduce the testimony of witnesses Kleinow and Stephens in an effort to lay a foundation for introduction of the documentary evidence. Plaintiff had listed Kirkbride and herself as the only persons having knowledge of the accident. The evidence showed that plaintiff had no personal knowledge of the operation of the vehicle driven by Kirkbride. The only person having first hand knowledge as to such operation was Kirkbride. Kirkbride denied having any knowledge or memory of signing plaintiff's Exhibit T or of making any statement that his siren was not on. We conclude that witnesses Kleinow and Stephens' testimony, relating to the method of preparation and the contents of the accident review report, did not relate to facts pertaining to the accident and that trial court should have permitted them to testify to establish the foundation for introduction of Exhibit T for purposes of showing a prior inconsistent statement or an admission against interest by Kirkbride.

III. Errors Relating to Instructions. Plaintiff further argues that trial court erred in refusing to give her requested instructions and in overruling her objections to instructions relating to legal excuse and contributory negligence. Her specific focus is on instructions 12 through 16 in which she alleges that trial court 1) improperly included the doctrine of legal excuse as a specification of contributory negligence in

failing to yield the right of way to an emergency vehicle and 2) failed to fully and completely instruct the jury that the burden of proving legal excuse by a preponderance of the evidence was upon defendant. We are not persuaded by plaintiff's arguments and do not find reversible error on this issue.

■ Instructions must be read as a whole. *Moose v. Rich,* 253 N.W.2d 565, 571 (Iowa 1977). A party is not entitled to any particular form of instruction, but merely to instructions which fairly state the law as applied to the facts. *Brigdon v. Brandrup,* 267 N.W.2d 396, 401 (Iowa 1978); *Heldenbrand v. Executive Council of Iowa,* 218 N.W.2d 628, 637 (Iowa 1974).

■ Read as a whole, we believe trial court adequately instructed the jury. However, since we have already determined that this case must be remanded for a new trial, we believe it would be advisable on retrial for trial court to separate the doctrines of contributory negligence and legal excuse. While both are affirmative defenses, with the burden of proof resting upon defendant, we believe it would represent a clearer statement of the law to direct the jury's attention to the specific elements of legal excuse as set forth in *Kisling v. Thierman,* 214 Iowa 911, 916, 243 N.W. 552, 554 (1932). *See also Pieper v. Harmeyer,* 235 N.W.2d 122, 130–31 (Iowa 1975); *City of Cedar Rapids v. Moses,* 223 N.W.2d 263, 267–69 (Iowa 1974).

Finding that trial court erred in refusing to permit plaintiff to introduce testimony as a foundation for admission of Exhibit T into evidence and to otherwise admit Exhibit T into evidence, we reverse trial court's judgment and remand this case for a new trial.

REVERSED AND REMANDED FOR NEW TRIAL.