**FRANK STINSON CHEVROLET, INC.,**
**Plaintiff and Appellant,**

v.

**Clarence CONNELLY, Defendant**
**and Appellee.**

**No. 14358.**

Supreme Court of South Dakota.

Considered on Briefs April 16, 1984.

Decided Oct. 17, 1984.

James M. Wiederrich and William Fuller of Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, for plaintiff and appellant.

James E. McMahon of Boyce, Murphy, McDowell & Greenfield, Sioux Falls, for defendant and appellee.

RIES, Circuit Judge.

This is an action for breach of contract arising out of the sale of a pickup truck by plaintiff, Frank Stinson Chevrolet, Inc., to defendant, Clarence Connelly. The jury re-turned a verdict for Connelly, and judgment was entered. We affirm.

## FACTS

Frank Stinson Chevrolet, Inc. (Stinson) is an automobile dealership located in Sioux Falls, South Dakota. Clarence Connelly (Connelly) is a grain and livestock farmer who farms in South Dakota and Minnesota. In addition, Connelly conducts a custom combining operation in Kansas, Nebraska, Minnesota, and South Dakota.

In late June of 1982, Connelly was in South Dakota working on his farm. Connelly planned to travel to Kansas to join his custom combining crew upon completing his work on the South Dakota farm and decided that he needed a pickup for this purpose. He shopped for a pickup in Madison, South Dakota, and Sioux Falls, South Dakota, on the afternoon of June 29, 1982. Connelly stopped at Stinson's early in the afternoon and then returned in the late afternoon near closing time, when he found a pickup he desired to purchase. Connelly and Stinson's salesman negotiated a sales agreement whereby Connelly would purchase a 1982 Chevrolet pickup for $10,900.00, plus his 1977 Chevrolet Blazer as a trade-in.

After reaching the agreement with the salesman, Connelly was escorted to the finance manager's office to complete the necessary paperwork and make payment or arrange financing for the purchase. Connelly testified that while the finance manager completed the paperwork, he, Connelly, placed the title to his Blazer and a white envelope containing one hundred $100.00 bills and eighteen $50.00 bills ($10,900.00) on the finance manager's desk. After completing the paperwork the finance manager gave Connelly miscellaneous papers dealing with the vehicle he had purchased and informed Stinson's employees that Connelly could take the pickup. Connelly then left with the pickup.

The next morning the finance manager discovered that he did not have Connelly's payment for the pickup, but nevertheless

sent the paperwork through its normal flow until Connelly was ultimately issued a manufacturer's certificate of origin showing no liens against the vehicle. Unable to locate Connelly's payment for the pickup, Stinson sued Connelly for breach of contract. A trial by jury resulted in a verdict for Connelly, and Stinson perfected this appeal.

## ISSUES

I. DID THE TRIAL COURT ERR BY INSTRUCTING THE JURY THAT STINSON HAD THE BURDEN OF PROVING BREACH OF CONTRACT BY CONNELLY'S FAILURE TO PAY THE BALANCE OF THE PURCHASE PRICE?

II. SHOULD CONNELLY'S NON-EXPERT WITNESSES HAVE BEEN PRECLUDED FROM TESTIFYING BECAUSE THEIR IDENTITIES WERE NOT MADE KNOWN TO STINSON UNTIL THE MORNING OF THE TRIAL?

## I.

In its complaint Stinson contended that Connelly had breached the purchase contract by refusing to pay the $10,900.00 alleged to be due on the purchase price. Connelly set forth in his answer the affirmative defense of payment of the entire purchase price. SDCL 15–6–8(c). The trial court instructed the jury that Stinson had the burden of proving the "breach of such contract by the defendant by his failure to pay the balance of the purchase price."

The rules of civil procedure require that a pleading setting forth a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief...." SDCL 15–6–8(a). Stinson alleged in its complaint the existence and terms of the contract and an amount owed under the contract. In other words, Stinson alleged breach of contract and sufficiently met its burden of pleading by alleging the existence and terms of the purchase contract and an amount still due on the contract.

A defendant, on the other hand, in his pleadings must state "his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies...." SDCL 15–6–8(b). He must affirmatively set forth the defense of payment. SDCL 15–6–8(c). Connelly admitted the existence and terms of the purchase contract, denied that he had breached the contract, and affirmatively pleaded payment. The only issue for the jury, then, was whether or not Connelly had breached the contract. The trial court instructed the jury that Stinson had the burden of proving that Connelly had breached the contract. Stinson asserts that the jury should have been instructed that Connelly bore the burden of proving payment.

"Ordinarily the burden of proof follows the pleadings, that is, he who pleads and relies upon the affirmative of an issue must carry the burden of proving it. This proposition is well established." *Verschoor v. Miller*, 259 Iowa 170, 175, 143 N.W.2d 385, 388 (1966). Stinson contends that because Connelly was required to affirmatively plead the defense of payment, he had the burden of proving payment. Stinson cites several cases for the proposition that the defendant has the burden of proving payment in a contract action. *See DesJardins v. DesJardins*, 308 F.2d 111 (6th Cir.1962); *Apuzzo v. Hoer*, 125 Conn. 196, 4 A.2d 424 (1939); *Machctinger v. Grenzebach*, 282 S.W.2d 200 (Mo.Ct.App. 1955); *McCallister v. Farmers Development Co.*, 47 N.M. 395, 143 P.2d 597 (1943); *West Coast Credit Corp. v. Pedersen*, 64 Wash.2d 33, 390 P.2d 551 (1964); *State Bank of Wheatland v. Bagley Bros.*, 44 Wyo. 244, 11 P.2d 572 (1932). The cited cases are distinguishable from the case at bar, however, in that all of them involved an indebtedness clearly established by either an instrument evidencing indebtedness or an undisputed promise to pay at a future date. Proof of the instrument of indebtedness in the hands of the party seeking payment creates a presumption of indebtedness and places the burden of proving

payment on the party seeking to rely on payment. *See Bensinger v. West*, 255 S.W.2d 29 (Ky.Ct.App.1953); *Guerin v. Cassidy*, 38 N.J.Super. 454, 119 A.2d 780 (1955); *Mann v. Whitely*, 36 N.M. 1, 6 P.2d 468 (1931); *Naylor v. Gutteridge*, 430 S.W.2d 726 (Tex.Civ.App.1968). Stinson has no instrument of indebtedness and therefore does not benefit from a presumption of non-payment that would place the burden of proving payment on Connelly. No indebtedness was established in this case because the exchange of the vehicle and the purchase price was simultaneous.

■ Stinson pleaded a negative averment (non-payment), whereas Connelly pled the affirmative of the issue (payment). We are aware of the general rule that the burden of proof falls on the party alleging the affirmative of an issue. *County of Banner v. Young*, 184 Neb. 546, 169 N.W.2d 280 (1969); *Verschoor v. Miller, supra; Midland Oil and Royalty Co. v. Schuler*, 126 N.W.2d 149 (N.D.1964). The test for determining which party has the affirmative of an issue, and therefore the burden of establishing a case, is found in the result of an inquiry as to which party would be successful if no evidence were given, the burden being on the adverse party. *Bishop Buffets, Inc. v. Westroads, Inc.*, 202 Neb. 171, 274 N.W.2d 530 (1979); *Fortgang Bros., Inc. v. Cowles*, 249 Iowa 73, 85 N.W.2d 916 (1957). If no evidence had been given, Connelly would have prevailed, because Stinson had the burden of proving breach of contract. *Ag-Chem Equipment Co., Inc. v. Hahn, Inc.*, 350 F.Supp. 1044 (D.Minn.1972); *Deck v. Hammer*, 7 Ariz.App. 466, 440 P.2d 1006 (1968); *Bartex, Inc. v. Austin Paving Co.*, 502 S.W.2d 569 (Tex.Civ.App.1973). Furthermore, the affirmative may include the negative of a proposition that a party may have to show. *Energy Transportation Systems, Inc. v. Mackey*, 650 P.2d 1152 (Wyo.1982) (citing *First Nat'l Bank of Morrill v. Ford*, 30 Wyo. 110, 216 P. 691 (1923)). *See also Simpson v. Montgomery Ward & Co.*, 354 Pa. 87, 46 A.2d 674 (1946). In a contract action, the plaintiff has the burden of proving non-payment where non-payment is the very breach alleged. *Shalla v. Shalla*, 237 Iowa 752, 23 N.W.2d 814 (1946).

■ We hold that the trial court correctly placed on Stinson the burden of proving breach of contract by Connelly by reason of his alleged failure to pay the purchase price.

## II.

Stinson alleges that the trial court erred by allowing Connelly's witnesses Art Stip and John Cody to testify at trial. Stinson asserts that these witnesses should have been identified in Connelly's answer to Stinson's interrogatories, or, in the alternative, that the witnesses should have been identified pursuant to an agreement between counsel.

■ We disagree with Stinson's contention that witnesses Stip and Cody should have been identified in Connelly's answer to Stinson's interrogatory No. 6. Stinson's interrogatory No. 6 reads:

State the name and address of every person having knowledge of the facts and circumstances alleged in your answer.

(a) As to each person identified above, state the topic or issues about which each such person has knowledge, and briefly summarize what you would expect their testimony to be if they were called as witnesses.

This interrogatory is limited to persons who have knowledge of the transaction identified in the complaint and Connelly's answer to the complaint. *See Rumley v. City of Mason City, Iowa*, 320 N.W.2d 648 (Ia.Ct.App.1982). The interrogatory does not request the identity of all witnesses to be called at trial. Neither Stip nor Cody had knowledge of, or testified to, the transaction between the parties concerning the sale of the pickup in question. Stip's testimony was limited to the fact that Connelly usually carried cash in an envelope in his bib overalls and that Connelly had carried at least $10,000.00 or more in cash on more

than one occasion. Cody's testimony was limited to the fact that Connelly carried large amounts of cash in a white envelope in his bib overalls. Accordingly, we are satisfied that the identities of these witnesses were not required to be disclosed by way of answer to interrogatory No. 6. The trial court did not abuse its discretion in allowing Stip and Cody to testify.

Stinson also challenges the testimony of Stip and Cody because their names were not given to Stinson pursuant to an informal agreement between counsel to disclose the names of witnesses each intended to call at trial. We accept the explanation of Connelly's counsel that he did notify Stinson's counsel that Connelly intended to produce witnesses who could testify that Connelly carried large sums of cash and that he told Stinson's counsel the names of the witnesses as soon as was practicable. We find no error.

The judgment is affirmed.

WOLLMAN, MORGAN and HENDERSON, JJ., and DUNN, Retired Justice, concur.

RIES, Circuit Judge, sitting for FOSHEIM, C.J., disqualified.

DUNN, Retired Justice, participating.

WUEST, Circuit Judge, Acting as Supreme Court Justice, not participating.